545 So.2d 674 (1989)
Danny G. MENGE
v.
Diana Caronia, Wife of Danny G. MENGE.
No. 89-CA-17.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1989.
Bernard M. Plaia, Jr., Metairie, for defendant-appellant.
Robert G. Creely, Amato & Creely, Gretna, for plaintiff-appellee.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
BOWES, Judge.
Appellant Diana Caronia, wife of Danny G. Menge, appeals a judgment of the district court maintaining the exception of no cause of action filed by appellee Danny Menge, dismissing her action for modification of custody.
Mr. and Mrs. Menge were divorced in 1985. The judgment of divorce was affirmed by this court on appeal in Menge v. Menge, 491 So.2d 700 (La.App. 5 Cir.1986). It is admitted by both appellant and appellee that Mr. Menge was granted sole custody of the couple's minor child, Danielle, by a judgment (which does not appear in the designated record on appeal) granted in May, 1986. Mrs. Menge was given certain visitation rights, the extent of which is not clear from the record on appeal. On September 12, 1988, Mrs. Menge filed a rule to modify custody in which she requested: 1) that she be awarded joint custody and be the domiciliary parent; 2) alternatively, she requested increased and liberal visitation; 3) finally, Mrs. Menge requested removal of some restrictions, evidently placed on her mother with regard to visitation with the child.
Mr. Menge responded with an exception of no cause of action, averring that none of the allegations contained in Mrs. Menge's motion constituted a change in circumstances sufficient to meet the heavy burden imposed on her under the Bergeron case, infra, of proving that the continuation of the present custody in favor of Mr. Menge is so deleterious to the child as to justify a modification, or by alleging that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. He also contends that the allegations fall short of showing a change of circumstances materially affecting the welfare of the minor child.
*675 Following a hearing, the trial court maintained the exception and ruled that the portion of Mrs. Menge's motion to change custody be dismissed, while continuing the portion of the rule requesting increased visitation privileges pending mediation with Family Services of Greater New Orleans. The judgment contained other provisions which do not concern us here. Mrs. Menge has appealed that portion of the judgment sustaining the exception of no cause of action and dismissing her rule for a change of custody.
Mr. Menge, appellee, cites the case of Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986), as containing the prerequisites which must be pled in a rule to modify a prior considered custody decree:
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
Appellee avers that the pleading for modification should contain, at the very least, allegations that, if proven, would fall within the purview of Bergeron, supra; to do otherwise, contends appellee, would violate the intent of the Supreme Court when it laid down the "heavy burden" standard which is, in part, to avoid subjecting children to a multitude of meaningless litigation, which adversely affects their attitudes. We note that the learned trial judge was aware of and mentioned the Bergeron case in his reasons for judgment that were dictated into the record.
Appellant, of course, avers that the pleadings are sufficient to state a cause of action, and that there are no magic words necessary to state a cause of action in connection with a rule to modify custody. Her pleading states generally that since the previous judgment there had been a change of circumstances which necessitates a modification of the judgment, namely that the child is not "flourishing emotionally" and has not adjusted well living with her father and his present wife; that Mrs. Menge would be the best person to develop the child's emotional well-being, and that she and the child have a "strong bonding" and so the best interest of the child would be served in granting joint custody.
In the usual case (as distinguished from a change of custody) involving an exception of no cause of action, we would be inclined to agree with appellant that such allegations are sufficient to state a cause of action. We recently summarized the applicable law on such exceptions in Sunlake Apts. Resid. v. Tonti Dev. Corp., 522 So.2d 1298 (La.App. 5 Cir.1988):
The Louisiana Supreme Court defined the exception of no cause of action in Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); rehearing denied 448 So.2d 1302 (La.1984), as follows:
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La.C.C.Pro. art. 927; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977). The general rule applicable to a trial of such exception is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Haskins, supra at 195; West v. Ray, 210 La. 25, 26 So.2d 221 (1946).
In Owens v. Martin, 449 So.2d 448 (La.1984), the Supreme Court has further instructed that "when a Court can reasonably do so, it should maintain the petition so as to afford a litigant an opportunity to present his evidence." We must, therefore, decide whether the law affords any relief to appellants under *676 the circumstances alleged, under any theory of the case. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La. 1984); Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985).
However, we perceive a dilemma when confronted with the reasoning of the Supreme Court in placing on the mover for a change of custody the heavy burden enunciated in Bergeron:
The child has at stake an interest of transcending value in a custody modification suithis best interest and welfare which may be irreparably damaged not only by a mistaken change in custody but also by the effects of an attempted or threatened change of custody on grounds that are less than imperative. The consequences to the mental and emotional well being and future development of the child from an erroneous judgment, unjustified litigation, threat of litigation, or continued interparental conflict are usually more serious than similar consequences in an ordinary civil case. On the other hand, we are convinced that in a narrow class of cases a modification of custody may be in the child's best interest even though the moving party is unable to show that the present custody is deleterious to the child. However, in order to protect children from the detrimental effects of too liberal standards in custody change cases, the burden of proof should be heavy and the showing of overall or net benefit to the child must be clear.

. . . . . .
The best interest of the child is the sole criterion to be met in awarding or modifying custody under Civil Code article 146. Custody must be awarded according to the best interest of the child. Id. Civil Code art. 146 A. The principle is repeated throughout article 146.

. . . . .
Accordingly, as we construe both Sections E and F of Article 146, in light of the entire statute and the history of this legislation, the option of joint custody is always available if it is in the best interests of the child, but because the best interest of the child principle was adopted from the jurisprudence without any intention of disturbing the gender neutral decisional precepts or the courts' freedom within the civilian tradition to interpret and implement the principle, the change of circumstances rule, the heavy burden rule, and the appellate review standard apply to any petition to modify custody, regardless of whether it is joint or sole custody.
Bergeron, supra
The heavy burden proclaimed in Bergeron was thus crafted to avoid the less than "imperative" action for change of custody, in order to protect the best interests of a child who is the subject of a custody dispute between his parents. Therefore, the usual tendency of the courts to maintain a cause of action, whenever possible, gives way to a stricter interpretation in actions to modify a considered decree of custody. Unjustified litigation, and threats thereof, and the consequences of interparental conflict being visited upon the child, are specifically discouraged by the Supreme Court in this particular area by the burden of proof enunciated in Bergeron.
Therefore, we hold that in order to maintain a cause of action in a modification of a considered custody decree, the movant must allege some circumstances within the framework of Bergeronthat is, movant must aver in at least general terms that continuation of the present custody is so deleterious to the child as to justify a modification, or that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Otherwise, the detrimental effects to the child caused by "unjustified litigation, threat of litigation or continued interparental conflict" sought to be avoided by the rationale of Bergeron will not be avoided.
By making such allegations, the movant is then obliged to go forward with evidence to substantiate the allegations, if a modification is to be had, and by such a requirement it is expected that less urgent actions *677 will be deterred, to the benefit of the children involved.
Applying this rationale to the present case, we find that the exception of no cause of action was well founded, and that the learned trial judge was correct in maintaining it. Even taking the allegations made by Mrs. Menge as true, the motion is insufficient under Bergeron to state a cause of action for modification of custody. Although the "best interest" of the child was urged, we do not find that such an allegation affords possible relief to Mrs. Menge under the circumstances alleged and under the law discussed above.
However, LSA C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
When the grounds of an objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. La.C.C.P. Art. 934. Plaintiff is therefore entitled to an opportunity under the mandatory terms of the Code to attempt to remove the grounds for the objection by amending his petition, before his action can be dismissed with prejudice and without an opportunity to go to trial.

Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985).
This right to amend is not so absolute as to permit such when the amendment would constitute a vain and useless act. Ustica Enterprises, Inc. v. Costello, 434 So.2d 137 (La.App. 5 Cir.1983); Sunlake Apts. Resid., supra. We are unable to tell from the record before us whether the grounds of the present exception may be removed by amendment, but since the trial judge did not express an opinion that such grounds could not be removed, then, in the interest of justice, appellant is entitled to a reasonable opportunity to do so. We note also that the trial court retains continuing power to modify custody orders, Bergeron, supra, and that the option of joint custody is always available.
It appears that this costly appeal might easily have been avoided by a motion by appellant to so amend at the trial court level, to comply with the ruling of the trial court. However, in the absence of any such action, fairness dictates that we remand the case to the trial court to permit Mrs. Menge the opportunity to attempt to amend her pleadings to conform with the ruling of Bergeron.
Accordingly, for the foregoing reasons, the judgment of the trial court maintaining the exception of no cause of action as to the request for modification of custody is affirmed. However, the case is remanded to the trial court with instructions to order a reasonable period of time within which appellant may attempt to amend her petition to state a cause of action in keeping with this opinion. The other portions of the judgment have not been appealed.
Each party is cast with its own costs of this appeal.
AFFIRMED BUT REMANDED.