JUDE G. GRAVOIS, Judge.
 

 |«>The parties, Brandy Rome and Thomas Bruce, are the parents of a child born on September 8, 1998. Ms. Rome petitioned the court for custody and support, and on May 11, 2004, the parents were awarded joint custody with Ms. Rome being the domiciliary parent. Mr. Bruce filed petitions for change of custody on February 4, 2005 and December 4, 2006, both of which resulted in Ms. Rome continuing as the domiciliary parent. Mr. Bruce filed a Petition to Modify Custody on October 7, 2008 which was dismissed upon the trial court’s granting of Ms. Rome’s Exception of No Cause of Action thereto. Mr. Bruce seeks appellate review of that dismissal. For the following reasons, we affirm the ruling of the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 According to the appellate record, Ms. Rome and the minor child returned to St. Charles Parish, Louisiana, after having lived with Mr. Bruce in New Hampshire. Following a trial on custody, in a judgment dated May 11, 2004, the trial court awarded joint custody, named Ms. Rome as the domiciliary parent, and granted Mr. Bruce visitation privileges. In February 2004, Mr. Bruce filed a | sMotion for Change of Custody, explaining that he was no longer traveling extensively due to his job and had relocated to Louisiana, requesting the parents be designated as co-domiciliary. On April 12, 2005, the parties entered into a Consent Judgment continuing joint custody with Ms. Rome as domiciliary parent and granting more frequent visitation privileges to Mr. Bruce. A motion filed by Mr. Bruce in August 2006 indicates he had relocated to New Hampshire and sought to modify the visitation schedule.
 

 The December 4, 2006 Petition to Modify Custody filed by Mr. Bruce alleges the following material changes in circum
 
 *887
 
 stances: (1) the child failed first grade and previously failed kindergarten, (2) Ms. Rome is living with a man out of wedlock, and (3) Ms. Rome denies Mr. Bruce’s joint custody rights regarding the child’s education, religious, medical treatment, and extra curricular activities. In this petition, Mr. Bruce requests he be named as domiciliary parent or alternatively that he have equal physical custody of the child. Ms. Rome filed an Exception of No Cause of Action, claiming the petition failed to state a cause of action in that it does not allege any facts to suggest the continuation of the present custody is so deleterious to the child as to justify modification or that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. On March 26, 2007, the trial court entered judgment sustaining the exception. The trial court also held a trial “on all pending matters” and in a judgment dated June 18, 2007, rendered judgment ordering Ms. Rome to remain as domiciliary parent and modifying the visitation schedule.
 

 On October 7, 2008, Mr. Bruce filed another Petition to Modify Custody alleging the following material changes in circumstances: (1) the minor child is failing school at a critical time at grade four, and (2) the minor child is at risk of harm due to Ms. Rome’s “extramarital boyfriend’s domestic abuse conflict with |4his wife.” Ms. Rome filed an Exception of No Cause of Action thereto, claiming that the petition “fails to state a cause of action for changing custody as the allegations do not satisfy the Bergeron
 
 [1]
 
 burden of proof necessary to change a Considered Decree.” The trial court agreed and dismissed Mr. Bruce’s petition. Mr. Bruce has appealed the grant of that motion.
 

 DISCUSSION
 

 On appeal, Mr. Bruce argues the trial court erred when it determined that Mr. Bruce’s allegations do not constitute a material change in circumstances based upon an “offer of proof’ made by Mr. Bruce at the hearing on the exception. He asserts that his burden was not whether he would prevail on his allegations, but rather whether his petition sets forth a valid cause of action for relief. Mr. Bruce contends the trial court erred in considering the “offer of proof’ because the only proper evidence for the court to consider is his petition.
 

 Ms. Rome responds that the trial court correctly considered the “offer of proof’ made at the hearing, alleging that is required by
 
 Bergeron.
 
 Ms. Rome reasons that if litigants in actions to change custody are allowed to proceed to trial merely by making allegations that cannot be proven,
 
 Bergeron
 
 becomes meaningless.
 

 Whether a plaintiff has stated a cause of action is a question of law. Therefore, this Court is required to conduct a
 
 de novo
 
 review in determining whether the trial court was legally correct in granting the exception of no cause of action.
 
 Donelon v. Donelon,
 
 95-088, (La. App. 4 Cir. 7/26/95), 659 So.2d 512, 513. An exception of no cause of action questions whether the law extends a remedy against the defendant under the factual allegations of the petition.
 
 Badeaux
 
 v.
 
 Southwest Computer Bureau, Inc.,
 
 05-0612, 05-719, p. 7 (La.3/17/06), 929 So.2d 1211, 1217. In ruling on the exception, the trial court is required to decide whether to grant or deny the exception on the basis of the face of the petition, accepting as true each well-pled fact in the petition.
 
 Id.
 
 Evidence may not be introduced to support or controvert the objection that the
 
 *888
 
 petition fails to state a cause of action. C.C.P. art. 981.
 

 In
 
 Bergeron,
 
 the Louisiana Supreme Court held:
 

 When a trial court has made a considered decree of permanent custody, the party seeking a change bears the difficult burden of proving that the continuation of the present custody situation is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
 

 Bergeron,
 
 492 So.2d at 1200.
 

 A trial court renders a considered custody decree when it makes an award of permanent custody after receiving evidence of parental fitness to exercise care, custody, and control of children.
 
 Evans v. Lungrin,
 
 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731, 738.
 

 In this matter, the last custody decree dated June 18, 2007 that was in effect at the time Mr. Bruce filed the October 7, 2008 Petition for Change of Custody, which resulted in the judgment forming the basis of this appeal, was entered after a custody hearing at which evidence was taken; thus it was a considered decree. As such, in order to modify this custody decree, the standard enunciated in
 
 Bergeron
 
 applies.
 

 In the case at bar, Mr. Bruce alleged in his petition that the child failing fourth grade and the mother’s involvement with a man accused of domestic abuse were material changes in circumstances so deleterious to the child as to justify a modification in the custody decree. At the hearing on the Exception of No Cause [ fiof Action, Ms. Rome argued that the child’s failure in school had been alleged in a prior petition to change custody so the child’s difficulty in school is not a new event, and that her boyfriend was accused of domestic abuse but the victim had requested the district attorney drop the charges. Mr. Bruce responded that the child is unable to read, that he is the only one taking an active interest in the child’s academies, and that Ms. Rome blocks his access to the school records. In granting the exception, the trial judge stated that the fact that the child is not doing well in school is nothing new and has already been litigated. The trial judge further stated that concerning the issue of alleged domestic abuse involving Ms. Rome’s boyfriend, “I’m hearing that the particular female in that matter has dropped the charge.... There is nothing established there as fact yet.”
 

 In
 
 Menge v. Menge,
 
 545 So.2d 674, (La. App. 5 Cir.1989), this Court recognized the dilemma presented by the burden set forth in
 
 Bergeron,
 
 and the general rule that a cause of action should be maintained unless the plaintiff has no cause of action under any evidence admissible under the pleadings. This Court held: ■
 

 The heavy burden proclaimed in
 
 Berger-on
 
 was thus crafted to avoid the less than “imperative” action for change of custody, in order to protect the best interests of a child who is the subject of a custody dispute between his parents. Therefore, the usual tendency of the courts to maintain a cause of action, whenever possible, gives way to a stricter interpretation in actions to modify a considered decree of custody. Unjustified litigation, and threats thereof, and the consequences of interparental conflict being visited upon the child, are specifically discouraged by the Supreme Court in this particular area by the burden of proof enunciated in
 
 Bergeron.
 

 
 *889
 

 Id.
 
 at 676.
 

 This Court went on to state:
 

 ... [I]n order to maintain a cause of action in a modification of a considered custody decree, the movant must allege some circumstances within the framework of Bergeron-that is, movant must aver in at least general terms the continuation of the present custody is so deleterious to the child as to justify a modification, or that the harm |7likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Otherwise, the detrimental effects to the child caused by ‘unjustified litigation, threat of litigation or continued interparental conflict’ sought to be avoided by the rationale of
 
 Bergeron
 
 will not be avoided.
 

 Id.
 

 Applying the above quoted jurisprudence to the case at bar in our
 
 de novo
 
 review of this matter, and without considering the “offer of proof’ made by Mr. Bruce at the hearing on the exception, we find the trial court correctly granted the Exception of No Cause of Action. In his petition, Mr. Bruce alleged the child continued to fail in school and the mother was in a relationship with a man that had pending domestic abuse charges. The trial court noted that the issue of the child failing in school had been raised and litigated in a recent petition to modify custody filed by Mr. Rome. Also, Mr. Rome’s petition does not allege that the domestic abuse charges in question directly involve Ms. Rome or the child. Thus, the allegations in the petition do not aver that continuation of the present custody is so deleterious to the child as to justify a modification or that the harm caused by a change of environment
 
 [2]
 
 is outweighed by its advantages to the child. Accordingly, the petition fails to state a cause of action under
 
 Bergeron
 

 [3]
 

 .
 

 CONCLUSION
 

 For the foregoing reasons, we find no error in the trial court’s grant of Ms. Rome’s Exception of No Cause of Action. Accordingly, the judgment of the trial court is hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Bergeron v. Bergeron,
 
 492 So.2d 1193 (La.1986).
 

 [2]
 

 . It appears from the record that Mr. Bruce currently resides in New Hampshire and the minor child has been domiciled in Louisiana for at least the past five years.
 

 [3]
 

 . Additionally, the trial court appropriately ordered that Ms. Rome shall not allow someone of the opposite sex, not related by blood or marriage, to spend the night when she has physical custody of the minor child, and that Mr. Bruce be provided with another copy of the 2005 judgment ordering the child's school to provide him with access to the same information that is provided to Ms. Rome.