HANS J. LILJEBERG, Judge.
|2Plaintiff seeks review of the trial court’s judgment granting defendant’s exception of no cause of action and dismissing plaintiffs Motion to Modify Custody and Visitation Judgment without prejudice. For the following reasons, we affirm.

*204
Facts

Plaintiff, Mr. Koussanta, and defendant, Ms. Dozier, who were never married, are the parents of a child born on September 80, 2008. The couple separated shortly before the child’s first birthday, and Ms. Dozier sought child support through the State of Louisiana, Department of Children and Family Services, in the juvenile court. That court ordered Mr. Koussanta to pay child support to Ms. Dozier. Soon thereafter, Mr. Koussanta filed a Petition for Custody in the 24th Judicial District Court seeking equal, shared custody of the child and domiciliary parent status. Ms. Dozier responded with a Rule to Establish Custody, requesting joint custody of the child, domiciliary parent status, and a custody evaluation. After a trial on the merits, on November 14, 2011, the trial court entered a judgment awarding Mr. Kous-santa and Ms. Dozier joint custody of their |sminor child, with Ms. Dozier being designated the domiciliary parent and Mr. Koussanta being awarded unsupervised, overnight custody/visitation of the child every other weekend as set forth in the judgment. The judgment further ordered that Mr. Koussanta complete six months of weekly therapy and attend co-parenting classes.
On July 25, 2012, Mr. Koussanta filed a Rule for Contempt and a Request for a Modification of Visitation seeking increased visitation, asserting that he complied with the court-ordered therapy and counseling. The rule was tried on February 4, 2013, over Ms. Dozier’s exception of no cause of action. In addition to the parties, numerous witnesses testified, including Mr. Koussanta’s therapist, the parties’ co-parenting counselor, the court-ordered anger management counselor, and the child’s pre-kindergarten teacher. Numerous exhibits were admitted. In its February 25, 2013 judgment, the trial court awarded Mr. Koussanta one additional overnight visit with the child per week and revised the parties’ previous holiday and summer custody schedule. The trial court further ordered that the minor child attend counseling, recognizing that the child was having disciplinary issues at school.
Approximately four months later, on June 14, 2013, Mr. Koussanta filed a Motion to Modify Custody and Visitation Judgment seeking designation as primary custodial parent, subject to the specific visitation rights in favor of Ms. Dozier, or, alternatively, that the parties be awarded joint and shared custody, naming the parties eo-domiciliary parents. Mr. Koussanta’s request for modification of the February 25, 2013 judgment was based on allegations of the child’s' continued misbehavior at school; Ms. Dozier’s intention to transfer the child to a new school; Ms. Dozier’s inability to provide a stable home for the child; Ms. Dozier’s undermining of his parental authority; and Ms. Dozier’s failure |4to act in the child’s best interest by failing to communicate with the child’s pediatrician about his continued behavioral problems, refusing to treat a lip infection, and failing to place Mr. Koussanta on the child’s daycare emergency card and medical records. Mr. Koussanta also requested that the trial court change the child’s therapist, claiming that the child was not progressing under the present, court-appointed therapist.
On July 11, 2013, Ms. Dozier filed an exception of no cause of action, asserting that none of the allegations contained in Mr. Koussanta’s motion constituted a change in circumstances sufficient to meet the heavy burden imposed on him under Bergeron v. Bergeron, infra. After a hearing, on September 4, 2013, the trial court entered a judgment granting Ms. *205 Dozier’s exception of no cause of action and dismissing Mr. Koussanta’s Motion to Modify Custody and Visitation Judgment without prejudice.[1] Mr. Koussanta now appeals the trial court’s judgment granting the exception of no cause of action and dismissing his motion.

Law & Discussion

On appeal, Mr. Koussanta asserts his Motion to Modify Custody and Visitation Judgment sufficiently shows that a change in circumstances materially affecting the welfare of his child has occurred since the last custody judgment and therefore sufficiently states a cause of action. As such, Mr. Koussanta asserts that the trial court erred in granting Ms. Dozier’s exception of no cause of action.
Whether a plaintiff has stated a cause of action is a question of law. Rome v. Bruce, 09-155 (La.App. 5 Cir. 10/13/09), 27 So.3d 885, 888. Therefore, this Court is required to conduct a de novo review in determining whether the trial court was legally correct in granting the exception of no cause of action. Donelon v. Donelon, 95-088, (La.App. 4 Cir. 7/26/95), 659 So.2d 512, 513. An exception of |fino cause of action questions whether the law extends a remedy against the defendant under the factual allegations of the petition. Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 05-719 (La.3/17/06), 929 So.2d 1211, 1217. In ruling on the exception, the trial court is required to decide whether to grant or deny the exception on the basis of the face of the petition, accepting as true each well-pleaded fact in the petition. Id. Evidence may not be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.
However, “[w]hen a trial court has made a considered decree of permanent custody,[2] the party seeking a change bears the difficult burden of proving that the continuation of the present custody situation is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.” Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986). (Footnote added).
Recognizing the dilemma presented by the burden set forth in Bergeron, supra, and the general rule that a cause of action should be maintained unless the plaintiff has no cause of action under any evidence admissible under the pleadings, this Court, in Menge v. Menge, 545 So.2d 674 (La.App. 5th Cir.1989), reasoned:
The heavy burden proclaimed in Berger-on was thus crafted to avoid the less than “imperative” action for change of custody, in order to protect the best interests of a child who is the subject of a custody dispute between his parents. Therefore, the usual tendency of the courts to maintain a cause of action, whenever possible, gives way to a stricter interpretation in actions to modify a considered decree of custody. Unjustified litigation, and threats thereof, and the consequences of interparental conflict being visited upon the child, are specifically discouraged by the Supreme *206 Court in this particular area by the burden of proof enunciated in Bergeron.
|„/d at 676. Therefore, this Court held:
[I]n order to maintain a cause of action in a modification of a considered custody decree, the movant must allege some circumstances within the framework of Bergeron-thsA, is, movant must aver in at least general terms the continuation of the present custody is so deleterious to the child as to justify a modification, or that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Otherwise, the detrimental effects to the child caused by ‘unjustified litigation, threat of litigation or continued interparental conflict’ sought to be avoided by the rationale of Bergeron will not be avoided.

Id.

In this matter, the last custody decree, dated February 25, 2013, in effect at the time Mr. Koussanta filed his Motion to Modify Custody and Visitation Judgment, was entered after a trial during which testimony was taken and evidence admitted relevant to the continued joint custody of the child; thus it was a considered decree.[3] As such, in order to modify the February 25, 2013 custody decree, the standard enunciated in Bergeron, supra, applies. Therefore, in order to defeat defendant’s exception of no cause of action, Mr. Koussanta’s motion must show a material change in circumstances and that the continuation of the present custody is so deleterious to the child as to justify a modification in custody. On de novo review of this matter, we find that the trial court properly granted the exception of no cause of action.
Although Mr. Koussanta’s motion to modify the custody decree sets forth several allegations in support of his assertion that a material change in circumstances has occurred, we find, as the trial court did, that many of those same allegations, mostly surrounding the child’s behavioral problems, already were [7brought before and considered by the court at the trial resulting in the February 25, 2013 custody decree. In granting the exception, the trial court stated,
And I’m of the opinion that most of the things listed in this motion to modify custody and visitation judgment, most of those things, those things have been litigated and I have made a decision. I am aware of the issues that [the child] had in school and that’s why I ordered that he receive counseling ... That’s why I ordered what I ordered and it appears that ... [the child] is, is doing better. ...
So I do feel that this motion to modify custody and visitation of judgment, I don’t think there’s a material change in circumstances. Things in here, I am already aware of....
Moreover, the last considered decree of custody was entered less than four months prior to Mr. Koussanta’s Motion to Modify Custody and Visitation Judgment, hardly enough time to allow the court-ordered counseling to benefit or address the child’s behavioral problems. Thus, the allegations in the petition do not aver that continuation of the present custody is so deleterious to the child as to justify a modification or that the harm *207 caused by a change of environment is outweighed by its advantages to the child. Accordingly, Mr. Koussanta’s Motion to Modify Custody and Visitation Judgment fails to state a cause of action under Ber-geron, supra.

Decree

Considering the foregoing, the judgment of the trial court granting defendant’s exception of no cause of action is affirmed.

AFFIRMED.

. On September 4, 2013, the trial court additionally denied Ms. Dozier's exception of res judicata. Ms. Dozier did not seek review of that ruling.

. A trial court renders a considered custody decree when it makes an award of permanent custody after receiving evidence of parental fitness to exercise care, custody, and control of children. Rome, supra at 888, citing Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731, 738.

. We reject Mr. Koussanta’s assertion that the February 25, 2013 judgment is not a considered custody decree, but a visitation decree. The February 25, 2013 judgment modified the joint custody arrangement of the parties. See La. C.C. art. 136, which states in relevant part that “[a] parent not granted custody or joint custody of a child is entitled to reasonable visitation rights.”