JUDE G. GRAVOIS, Judge.

I»INTRODUCTION

In this domestic matter, plaintifi/appel-lant, Bamela Koussanta, appeals various aspects of the trial court’s October 7, 2015 judgment, as hereinafter set forth. For the following reasons, we affirm.

FACTS AND PROCEDURAL BACKGROUND

The parties in this case were previously before this Court in Koussanta v. Dozier, 14-59 (La.App. 5 Cir. 5/21/14), 142 So.3d 202. In order to place the current procedural posture of this case into perspective, a recitation of the facts from that opinion is provided, to-wit:
Plaintiff, Mr. Koussanta, and defendant, Ms. Dozier, who were never married, are the parents of a child born on September 30, 2008. The couple separated shortly before the child’s first birthday, and Ms. Dozier sought child support through the State of Louisiana, Department of Children and Family Services, in the juvenile court. That court ordered Mr. Koussanta to pay child support to Ms. Dozier. Soon thereafter, Mr. Koussanta filed a Petition for Custody in the 24th Judicial District Court seeking equal, shared custody of the child and domiciliary parent status. Ms. Dozier responded with a Rule to Establish Custody, requesting joint custody of the child, domiciliary parent status, and a custody evaluation. After a trial on the merits, on November 14, 2011, the trial court entered a judgment awarding Mr. Koussanta and Ms. Dozier joint custody of their minor child, with Ms. LDozier being designated the domiciliary parent and Mr. Koussanta being awarded unsupervised, overnight custody/visitation of the child every other weekend as set forth in the judgment. The judgment further ordered that Mr. Koussanta complete six months of weekly therapy and attend co-parenting classes.
On July 25, 2012, Mr. Koussanta filed a Rule for Contempt and a Request for a Modification of Visitation seeking increased visitation, asserting that he complied with the court-ordered therapy and counseling. The rule was tried on February 4, 2013, over Ms. Dozier’s exception of no cause of action. In addition to the parties, numerous witnesses testified, including Mr. Koussanta’s therapist, the parties’ co-parenting counselor, the court-ordered anger management counselor, and the child’s pre-kindergar-ten teacher. Numerous exhibits were admitted. In its February 25, 2013 judgment, the trial court awarded Mr. Koussanta one additional overnight visit with the child per week and revised the parties’ previous holiday and summer custody schedule. The trial court further ordered that the minor child attend counseling, recognizing that the child was having disciplinary issues at school.
Approximately four months later, on June 14, 2013, Mr. Koussanta filed a Motion to Modify Custody and Visitation Judgment seeking designation as pri *63 mary cüstodial parent, subject to the specific visitation rights in favor of Ms. Dozier, or, alternatively, that the parties be awarded joint and shared custody, naming the parties co-domiciliary parents. Mr. Koussanta’s request for modification of the February 25, 2013 judgment was based on allegations of the child’s continued misbehavior at school; Ms. Dozier’s intention to transfer the child to a new school; Ms. Dozier’s inability to provide a stable home for the child; Ms. Dozier’s undermining of his parental authority; and Ms. Dozier’s failure to act in the child’s best interest by failing to communicate with the child’s pediatrician about his continued behavioral problems, refusing to treat a lip infection, and failing to. place Mr. Koussanta on the child’s daycare emergency card and medical records. Mr. Koussanta also requested that the trial court change the child’s therapist, claiming that the child was not progressing under the present, court-appointed therapist..
On July 11, 2013, Ms. Dozier filed an exception of no cause of action, asserting that none of the allegations contained in Mr. Koussanta’s motion constituted a change in circumstances sufficient to meet the heavy burden imposed on him under [Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986).] After a hearing, on September 4, 2013, the trial court entered a judgment granting Ms. Dozier’s exception of no cause of action and dismissing Mr. Koussanta’s Motion to Modify Custody and Visitation Judgment without prejudice.
Koussanta, 142 So.3d at 202-205.
LMr. Koussanta appealed the trial court’s judgment granting of the exception of no cause of action and dismissing his motion. This Court affirmed the trial court’s ruling granting Ms. Dozier’s exception of no cause of action. Koussanta, 142 So.3d at 206.
Regarding the present matter, a little over a year later, on June 22, 20Í5, Mr. Koussanta filed a rule to show cause, arguing that there were “material reasons” why the trial court should exercise its supervisory jurisdiction regarding the minor child’s custody and visitation. Those “material reasons” included allegations of the minor child’s continued misbehavior at school; Ms. Dozier’s refusal to co-parent by failing to communicate with Mr. Kous-santa about the minor child’s progress in counseling, and Ms. Dozier’s unilateral action in terminating the child’s counseling sessions; Ms. Dozier’s failure to share information about the health insurance policy covering the minor child and an injury to the minor child in July' 2014; and Ms. Dozier’s failure to meet Mr. Koussanta at a restaurant to discuss the minor child as they had agreed to do. Mr. ■ Koussanta argued that it would be in the minor child’s best interest for the court to enforce the co-parenting guidelines of the 24th Judicial District Court, or alternatively, order that the parties attend co-parent counseling sessions. Further, Mr. Koussanta averred that the current restriction that he only speak to the minor child’s physician in writing was not efficient and should be lifted. Mr. Koussanta requested that a parenting coordinator be appointed to help the parties deal with their .continued issues. Finally, Mr. Koussanta prayed that the court revise the existing custody plan so that the best interests of the child could be met.
In response, on August 20, 2015, Ms. Dozier filed exceptions of res judicata and no cause of action, a response to the rule to show cause, and a rule for sanctions. Ms. Dozier argued that her exception of res judicata should be granted |swith regard to Mr. Koussanta’s requests that the *64 parties attend co-parenting classes, that the requirement that he only communicate with the minor child’s physician in writing be lifted, and that a parenting coordinator bp appointed, because these issues were previously litigated. Further, Ms. Dozier urged the court to. grant her exception of no cause of action. She averred that in Mr, Koussanta’s prayer for a change of custody, he did not assert a. material change in circumstances sufficient to meet the burden imposed on him under Bergeron, supra, Ms. Dozier additionally prayed for sanctions in violation of La. C.C.P. art. 863, arguing that Mr. Koussanta has continued to file, frivolous pleadings for the sole purpose of harassing her, and requiring her to repeatedly litigate custody of the minor child, defend herself against contempt charges, and incur attorney’s fees and costs..
On September 24, 2016, Mr. Koussanta filed a motion for contempt, wherein he argued that Ms. Dozier violated the November .24, 2011 trial court judgment that prohibited her from bringing an adult male, aside from her father or a sibling, to a custody exchange. On October 11, 2016, Ms. Dozier filed a response to the motion for contempt and requested attorney’s fees, costs, and sanctions pursuant to La. C.C.P. art. 863, for the filing of his sixth motion for contempt.
On October 7, 2015, the trial court conducted a hearing on Mr. Koussanta’s rule to show cause and motion for contempt, and Ms. Dozier’s exceptions of res judicata and no cause of action and rule for sanctions. After hearing argument from the parties’ counsel, the trial court granted Ms. Dozier’s exception of res judicata with respect .to the request that .the parties attend co-parenting classes .and with respect to the request- that the court lift its requirement that Mr. Koussanta only communicate with the. minor child’s physician in. writing. Mr. Koussanta’s request for a parenting coordinator .was granted, subject to the following: the appointment would last one year; the party who raises an issue with the parenting | (¡coordinator would be required to pay the parenting coordinator’s fees with respect thereto; the parties would not have to appear together or at the same time at the parenting coordinator’s office; and the parenting coordinator would not decide any issues which had already been adjudicated.[1] Ms. Dozier’s exception of no cause of action was denied inasmuch as the trial court determined that Mr. Koussanta was not seeking to modify custody. Mr. Koussan-ta’s motion for contempt was dismissed with prejudice at his cost, and Ms. Dozier’s request for sanctions with respect thereto was denied. Finally, Ms. Dozier’s request for sanctions with respect to Mr. Koussan-ta’s rule to show cause was granted, with the trial court ordering Mr. Koussanta to pay $2,600.00 in attorney’s fees and all court costs for that proceeding within 60 days.
This appeal followed, in which Mr. Kous-sarita assigns the following errors, to-wit:
1. The trial court erred in granting Ms. Dozier’s request for sanctions because the trial court did not find that his rule to show cause reached the level of harassment and because the court did find merit in his rule to show cause and his request for the appointment of a parenting coordinator was granted by the trial court.
*65 2. The trial court erred in not allowing him to testify to the allegations in his rule to show cause filed on June 22, 2015 and his motion for contempt filed September 24, 2015.
3. The trial court erred in setting restrictions and/or limitations in the appointment of the parenting coordinator.

ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Mr. Koussanta argues that the trial court erred in granting Ms. Dozier’s request for sanctions because the trial court did not find that his rule to show cause reached the level, of harassment, and because the 17court did find merit to his rule to show cause inasmuch as the trial court granted his request for appointment of a parenting coordinator.
The trial court imposed sanctions pursuant to La. C.C.P. art. 863, which provides, in pertinent part:
B, Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessaiy delay, or needlessly increase the cost of litigation. ■
2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivo-lous argument for the extension, modification, or reversal of existing law.
3) Each allegation or other factual assertion in the pleading has eviden-tiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support, after a reasonable opportunity for further investigation or dis- . covery. , .<
4) Each denial in the pleading of a ■ factual assertion is warranted by thé evidence or, for a specifically identified denial, is reasonably based on a-lack of information or belief.
[[Image here]]
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made- in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
⅜4 ⅜ ⅜
G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions ’ of this Article and éxplain the basis for the sanction imposed.
|sLa. C.C.P. art. 863 imposes an obligation upon litigants and their counsel who sign a pleading to make an objectively *66 reasonable inquiry into the facts and the law; subjective good faith will not satisfy the duty of reasonable inquiry. Alombro v. Alfortish, 02-1081 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, 1168, writ denied, 03-1947 (La.10/31/03), 857 So.2d 486. To decide whether sanctions are appropriate, the court considers the following factors.in determining whether a litigant and his counsel made the required reasonable factual inquiry: (1) the time available to the signing attorney for investigation; (2) the extent of the attorney’s reliance on the client for factual support for pleadings; (3) the feasibility of pre-filing investigation; (4)whether the signing attorney accepted the case from another attorney; (5) the complexity of factual and legal issues; and (6) the extent to which development of factual circumstances underlying the claim require discovery. Id.
La. C.C.P. art. 863 is intended only for exceptional circumstances and is not to be used simply because the parties disagree as- to the correct resolution of a legal matter. Goldbach v. Atchley, 01-616 (La.App. 5 Cir. 11/27/01), 801 So.2d 1217, 1229. Only when the evidence is clear that there is no justification for the legal right exercised should sanctions be considered. Id. (Citation omitted.)
On appeal, a trial court’s imposition of sanctions pursuant to La. C.C.P. art. 863 will not be reversed unless clearly wrong or manifestly erroneous. Alombro, supra.
In the present matter, when granting the motion for sanctions, the trial court stated, in part, the following:
lain regards to the sanctions, I am going to award sanctions to Ms. Dozier, not $10,000, but I am going to award sanctions because she did have to hire a lawyer and to appear today to defend against the accusations that were made by Mr.- Koussanta, things that have already been adjudicated by this Court.
I’ve listened to these parties go on :and on and on in hearings that went on for days and days, lots of testimony and I’ve ruled on these issues, and to keep bringing those issues back to this Court without a material change in circumstances is—could be considered harassing. I’m not saying it is, but it could be considered harassing, and so I am going to award sanctions against Mr. Koussan-ta, in favor of Ms. Dozier, in the amount of $2,500 plus costs of these proceedings. Mr. Koussanta is responsible for paying.
Mr. Koussanta argues that the trial court erred in imposing the sanctions because the trial court only stated that his actions “could be considered harassing,”- and thus there was no judicial finding of harassment against Mr. Koussanta. This argument is without merit. When making its specific findings, the trial court stated that it was awarding the sanctions because Ms. Dozier had “to hire a lawyer and to appear today to defend against the accusations that were made by Mr. Koussanta, things that have already been adjudicated by this Court.” La. C.C.P. art. 863(B) states that sanctions may be imposed if “(t)he pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.” We find that the trial court provided the parties with a proper basis for imposing the sanctions, that being Mr. Koussanta needlessly increased the cost of litigation with the filing of his rule to show cause. Considering the past history and the current facts and circumstances of this case, we find no manifest error in the trial court’s decision to impose sanctions against Mr. Koussanta.
Additionally, we find no merit to Mr. Koussanta’s argument that the trial court erred in granting sanctions since it found *67 merit in his rule to show cause when it granted his request for appointment of a parenting coordinator. We- find, | ¶ (¡however, that a plain reading of La. C.C.P. art. 868 does not support Mr. Kous-santa’s argument. Although the trial court found merit to Mr. Koussanta’s claim for a parenting coordinator, it also found that many of the claims made in his rule to show cause were repetitive and unfounded.[2]
Accordingly, we find no merit to this assignment of error and decline to disturb the trial court’s imposition of sanctions against Mr. Koussanta.

ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Mr. Koussanta argues that the trial court erred in not allowing him to testify regarding his rule , to show cause and his motion for contempt. He argues that his interest in personal contact with his child is to be protected under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and thus he is entitled to have a hearing where he can present evidence and testimony on his rule to show cause and his motion for contempt.
During the entire time that the motion for sanctions and motion for contempt were being argued, Mr. Koussanta did not make any procedural objections, raise any concerns about due process, or challenge the hearing in anyway. The trial court did not hear Mr. Koussanta’s testimony on the motions because he chose not to attempt to give any testimony until after the trial court’s ruling thereon. The trial court then allowed him to testify, but limited his testimony. He never objected to the limitation. For an evidentiary issue to be preserved for-review, a party must make a timely objection and state the specific ground for the objection. Failure to contemporaneously object constitutes a waiver of the right to complain on appeal. Willis v. Noble Drilling (US), Inc., 11-598 (La.App. 5 Cir. 11/13/12), 105 So.3d 828, 835-36; Further, Mr. Koussanta never attempted to nor made any proffer of any testimony or evidence for this Court to consider. See La. C.C.P. art. 1636. Accordingly, we decline to consider an issue that has not been properly preserved for our review.

ASSIGNMENT OF ERROR NUMBER THREE

In his third assignment of- error, Mr. Koussanta argues that the trial court erred in setting restrictions and/or limitations in the appointment of the parenting coordinator.
In its judgment, the trial court granted Mr. Koussanta’s request for appointment of a parenting coordinator pursuant to La. R.S. 9:358.1, subject to the following: the appointment would last one year; the party who raises ah issue with the parenting coordinator would be required to pay the parenting coordinator’s fees with respect thereto; the parties would not have to appear together or at the same time at the parenting coordinator’s office; and the parenting coordinator would not decide any issues which have already been adjudicated. :
On appeal, Mr. Koussanta argues that the only limitations the statute puts on the parenting coordinator are those dealing with the legal custodial regime or the physical custody regime of the parties, *68 and there are no.“excluded issues” from which the parenting coordinator cannot address. Therefore, the trial court erred in placing the “restrictions and/or limitations” on the parenting coordinator.
La. R.S. 9:358.1 provides for the appointment of. a parenting coordinator as follows:
A. On motion of a party or on its own motion, the court may appoint a parenting coordinator iira child custody case for good cause shown if the court has previously entered a judgment establishing child custddy, other than an ex parte order. The court shall make the appointment on joint motion of the parties.
|i2B, The initial' term of the appointment of the parenting coordinator shall, not exceed one year.[3] -For good cause shown, the court may ■ extend the appointment of the parenting coordinator for additional one year terms.
C. The court shall order each party to pay a portion of the costs of the parenting coordinator. No parenting coordinator shall be appointed by the court if a party has been granted pauper status or is unable to pay his apportioned cost of the parenting coordinator
Comment (a) to La. R.S. 9:358.1' notes:
Parenting coordination is a child-focused alternate dispute resolution process in which a duly qualified parenting coordinator assists parents or persons exercising parental authority to implement a parenting plan by facilitating the resolution of their disputes in a timely, manner and by reducing their child-related conflict so that the children may be protected from the impact of that conflict. The parenting coordinator assists the parties in promoting the best interests of the children by reducing or eliminating child-related conflict through the use of the parenting coordination process.
The authority and duties of the coordinator are defined in La. R.S. 9:358.4.[4] The *69 only restrictions the law places on the parenting coordinator is that the |!¡¡parenting coordinator must “(r)efrain from facilitating an agreement by the parties that would change legal custody from one party to the other or that would change the physical custody or visitation schedule in a way that may result in a change in child support.” La. R.S. 9:358.4(B)(1). The laws regarding parenting coordinators are silent about the power and discretion a trial court has in' placing any restrictions or' limitations on a parenting coordinator. In Gallet v. Gallet, 11-1416 (La.App. 3 Cir. 3/07/12), 86 So.3d 179, 186, writ denied, 12-0786 (La.05/04/12), 88 So.3d 468, the Third Circuit found no error when the trial court appointed a parenting coordinator and detailed.the parameters within which the parenting coordinator was to work. The parameters were “establishing a means of communication for the parties to confer on major decisions, minor changes or clarifications as to schedules contained in the custody plan, health care management, and [the minor child’s] extracurricular activities.” Id.
Considering the foregoing, we find no error in the trial court’s establishment of parameters here, specifically that the parties would not have to appear together or at the same time at the parenting coordinator’s office and that the parenting coordinator would not decide any issues which have already been adjudicated.
Regarding the parameter regarding the payment of the. parenting coordinator’s fees, as previously stated, La. R.S. 9:358.1(0 provides that the court shall order each party to pay a portion of the costs of the parenting coordinator. Comment (f) to this statute notes:
This Section requires that each party must pay some portion of the fee but allows the court to apportion the fee •according to the parties’ ability to pay. The court may order a particularly obstinate party to pay a larger portion of the fee. The portion of the costs that each party is to pay should be specified in the order of appointment and the court lushould state its reasons on the record in the event of an appeal. Under normal circumstances each party would pay the costs of his time with the parenting coordinator and would split the cost of other times.
The trial court stated in its judgment that “the party who raises an issue with the parenting coordinator shall pay the parenting coordinator’s fees with respect thereto.” We do not find that the trial court erred in imposing this parameter. La. R.S. 9:358.1(0) provides that each party must pay some portion of the fee, and this restriction imposed by the trial court still allows for that. Further, the comment quoted above notes that one party may be required to pay more than the other.
This assignment of error is without merit. ■ • '

FRIVOLOUS APPEAL

Ms. Dozier filed an answer to this appeal, seeking damages against Mr. Koussanta, including attorney’s fees and *70 costs, contending that Mr. Koussanta’s appeal is frivolous, baseless, without merit, was filed in bad faith, presents no legitimate substantive or procedural issues, fails to raise a serious legal question, and is another “component of Mr. Koussanta’s incessant campaign to harass Ms. Dozier and cause her to incur additional attorney’s fees and costs.”
Rule 2-19 of the Uniform Rules-Courts of Appeal provides that “[t]he court may award damages for frivolous appeal in civil cases as provided by law.” An appellate court may award damages and/or attorney fees for a frivolous appeal under La. C.C.P. art. 2164. This provision is penal in nature and is to be strictly construed. Treme v. Adams, 10-554 (La.App. 5 Cir. 1/11/11), 59 So.3d 1278, 1282.
Damages for frivolous appeals, like sanctions at the trial court level, are utilized to curtail the filing of appeals that are intended to delay litigation, harass another party, or those that have no reasonable basis in fact of law. Id. An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a | ifiSerious legal question, or counsel does not seriously believe in the proposition of law he is advancing. Id. Appeals are favored and appellate courts are reluctant to impose damages for frivolous appeals. Id.
Upon review, we do not find Mr. Kous-santa’s appeal to be frivolous, and accordingly, decline to award damages to Ms. Dozier for a frivolous appeal.

CONCLUSION

For the foregoing reasons, the trial court’s judgment under review is affirmed.

AFFIRMED

WINDHORST, J., dissents with reasons.

. Correspondingly, the trial court denied Ms. Dozier’s exception of res judicata with respect to Mr. Koussanta’s request that a parenting coordinator be appointed. Further, it is noted that the. transcript of the hearing reveals that the parties discussed the appointment óf the parenting coordinator in chambers prior to the- hearing. It appears that Ms. Dozier agreed to the appointment if certain conditions were placed upon that appointment.

. We note that the amount of attorney’s fees awarded as sanctions against Mr. Koussanta ($2,500.00) amounts to only one-fourth of the amount of attorney’s fees requested by Ms. Dozier ($10,000.00).

. On appeal, Mr: Koussanta does not argue against the-limitation that the appointment of the parenting coordinator- only be for a year. Nonetheless, considering the plain language of this statute, the trial court did not err in placing that'limitation on’the parenting coordinator.

. La. R.S, 9:358.4 states:
■A, A parenting coordinator shall assist the parties in resolving disputes and in reaching agreements regarding children in their care including, but not limited to, the following types of issues:
1) Minor changes or clarifications of access schedules from the existing custody plan.
2) Exchanges of the children including date, time, place, means of transportation, and the transporter.
3) Health care management including medical, dental, orthodontic, and vision care.
4) Child-rearing issues.
5) Psychotherapy or other mental health care including substance abuse or mental health assessment or counseling for the children.
6) Psychological testing or other assessments of the children.
7) Education or daycare including school choice, tutoring, summer school, participation in special education testing and programs, or other educational decisions.
8) Enrichment and extracurricular activities including camps and jobs.
9) Religious observances, and education.
10) Children's travel and passport arrangements.
11) Clothing, equipment, and personal possessions of the children.
12) Communication between the parties about the children.
13) Means of communication by a party with ' the children when they are not in that party’s care.
14) Alteration of appearance of the children including hairstyle and ear and body piercing.
15) Role of and contact with significant others and extended families.
16) Substance abuse assessment or testing of either or both parties or the child, including access to results.
*69 17) Parenting classes or referral for other services of either or both parties.
B. A parenting coordinator shall:
1)Refrain from facilitating an agreement by the parties that would change legal custody from one party to the other or that would change the physical custody or' visitation schedule in a way that may result in a change in child support.
2) Notify the court of a conflict of interest of the parenting coordinator,
3) Prepare interim and final reports as ordered by the court and other reports when necessary.
C. When the parties are unable to reach an agreement, the parenting coordinator may make a recommendation in a report to the court for resolution of the dispute.