| .SOL GOTHARD, Judge.
In this domestic matter defendant, Ronald Sporl, appeals a judgment of the trial court that found him in contempt of court for failing to pay child support as ordered by prior judgments, and from the sentence imposed on the contempt finding. For reasons that follow, we affirm.
Although we have a designated record in this matter, it is apparent from this limited record that since the parties were divorced in 1991, there have been problems and contempt proceedings against Mr. Sporl for failure to pay court ordered child support. One contempt judgment contained in the record dated April 18, 2001[1], refers to a prior judgment of contempt and finds Mr. Sporl to be in arrears in the amount of $7,611.18. The judgment contains the following sentence on the finding of contempt:
(1) Ronald A. Sporl is found in contempt for failure to timely pay child support, pursuant to Judgment dated 2-4-00 and this court makes absolute and executory a thirty (30) day consecutive jail term as previously imposed therein;
(2) Ronald A. Sporl is found in contempt for his failure to pay past due attorney’s fees and costs, pursuant to Judgment dated November 6, 2000, and this Court makes absolute and executory the fifteen (15) day jail sentence as previously imposed therein. Considering the above and foregoing executory jail sentence previously imposed, this court orders Ronald A. Sporl to immediately serve a total of forty five (45) consecutive days of incarceration in the Jefferson Parish Correction Center, and in ■ addition thereto, the Court further imposes an additional fifteen (15) consecutive day jail sentence following the | .time served by Ronald A. Sporl of forty five (45) days of incarceration as ordered. Therefore, Ronald A. Sporl shall serve a total of sixty (60) consecutive days of incarceration in the Jefferson Parish Correctional Center, effective IMMEDIATELY. '
However, the judgment provided that Mr. Sporl could purge himself of the mandatory jail term by payment of $1,000.00 by 1:00 pm on March 30, 2001, $2,750.00 before April 10, 2001, and $3,861.18 by April 30, 2001. All payments were to be made to his former wife, but delivered to her attorney’s office. The judgment further provides Mr. Sporl must pay all child support and reimbursement payments directly to his ex-wife at her home address.
Although the record contains a motion for appeal on that judgment which was granted by the trial court, there is no indication in the record that such an appeal was taken. Thus, that judgment became final.
*260 Mr. Sporl paid the arrearages as ordered in the April 18, 2001 judgment. However, he made future payments to plaintiffs lawyer, rather than directly to plaintiff as directed by the April 18, 2001 judgment. Consequently, plaintiff filed another rule for contempt.
The trial court conducted a full hearing on the contempt motion on April 22, 2002. At the hearing, Mr. Sporl testified that he received a certified copy of the April 18, 2001 judgment and that he was aware of the order to mail all child support reimbursement payments to his wife directly. Nevertheless, he testified that he mailed 48 checks made payable to both his ex-wife and her attorney and that he mailed the checks to the attorney’s office in direct violation of the order in the judgment. He maintained he did so because the judgment was not correct. He argued that, at the hearing which resulted in the April 18, 2001 judgment, the judge did not make that condition, and that it was added by his ex-wife’s attorney in the written judgment presented to the trial judge to sign. Mr. Sporl testified that he directed his trial attorney to “correct” the judgment and it is clear from the record |4that a motion for appeal of the April 18, 2001 judgment was filed in the trial court. However, Mr. Sporl also acknowledged that he did not perfect an appeal.
After hearing all of the testimony and considering the exhibits and argument, the trial court found Mr. Sporl in contempt of that portion of the April 18, 2001 judgment which required that he send reimbursements directly to his ex-wife. That ruling was reduced to judgment on June 4, 2002. In this judgment the trial court sentenced defendant to serve 30 days in the Jefferson Parish Correctional Center and cast him in judgment for attorney’s fees in the amount of $800.00. It is from this judgment that Mr. Sporl appeals.
In brief to this Court, Mr. Sporl assigns two errors that relate to the sentence imposed for the finding of contempt. He argues the trial court abused its discretion in imposing a 30 day jail sentence for the contempt, and in awarding attorney’s fees.
Although Mr. Sporl does not specifically dispute the finding that he was in contempt of the April 18, 2001 judgment, he does argue that that judgment was obtained by ill practice because plaintiffs attorney added the paragraph to the judgment without authority of the trial court, and that he did not send prior notice to Mr. Sporl’s trial counsel. Mr. Sporl concludes that the portion of the judgment that was the basis of the finding of contempt was null.
La.C.C.P. Art. 2004 provides that a judgment obtained by ill practices may be annulled. Such an action must be brought within one year of the discovery. Art. 2004 B. In the instant case, Mr. Sporl admits that he received a certified copy of the April 18, 2001 judgment shortly after it was rendered and he knew it was incorrect. Although he filed a motion for appeal, he admits he did not pursue the matter further, and does not make a claim that an action for nullity was filed. Accordingly, we are without jurisdiction to consider this argument since it directly | ^relates to the April 18, 2001 judgment which was never appealed or collaterally attacked and is now a final, enforceable judgment.
La. C.C.P. Art. 224(2) provides that willful disobedience of a lawful judgment or order constitutes constructive contempt. La. C.C.P. Art. 225 provides that an accused can be “found guilty of contempt and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty for contempt and punished accordingly.” In the instant case, after a hearing on a rule to show cause, Mr. Sporl admit *261 ted he knew of the provision in the judgment and disobeyed it. He also admitted that he knew the judgment was not appealed and was final. Accordingly, the finding of contempt was justified.
Mr. Sporl further argues that his sentence of thirty days is excessive. Defendant also complains that the award of $800.00 in attorney fees is unwarranted or, in the alternative, excessive.
La. R.S. 13:4611(l)(d) provides that a person found guilty of contempt of an order to pay child support may be punished by a fine of up to five hundred dollars and a term of imprisonment for up to three months or both.
A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. La. C.Cr.P. Art. 881.4 D provides that the appellate court “shall not set aside a sentence for excessiveness if the record supports the sentence imposed.” The trial judge is given wide discretion in determining a sentence, and if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness. State v. Marshall, 02-1067 (La.App 5 Cir. 2/25/03), 841 So.2d 881.
As a general rule, the power of a court to punish for contempt is limited to the imposition of incarceration and fines to be paid to the court. See; Brunet v. Magnolia Quarterboats, Inc. 97-187 (La.App. 5 Cir. 3/11/98), 711 So.2d 308; writ denied, 98-0990 (La.5/28/98), 720 So.2d 343; cert. denied, Polaris Ins. Co. v. Brunet, 525 U.S. 1104, 119 S.Ct. 869, 142 L.Ed.2d 771 (1999).
However, the court can award attorney fees in actions relating to child support matters under the authority of La. R.S. 9:375.
In the case at bar, Mr. Sporl was sentence to serve 30 days imprisonment to be served three consecutive days, and the remaining twenty-seven days on consecutive weekends from Friday at 8:00 a.m. through Sunday at 8:00 p.m. That is consistent with the statute and is only one-third of the jail time Mr. Sporl could have received. Further, the sentence imposed did not include a fine, which could have been allowed under the statute. Thus, we do not find an abuse of discretion in that part of the judgment that imposed imprisonment.
We also note that Mr. Sporl knew the terms of the judgment and knowingly disregarded them, sending over forty checks for $9 or $10 made out to both his ex-wife and her attorney. Each check had to be negotiated by the attorney and then forwarded to plaintiff. Under these circumstances we find no abuse of discretion in the award of $800.00 in attorney fees. See; Moises v. Moises, 97-1208 (La.App. 5 Cir. 4/15/98), 710 So.2d 1191.
For the foregoing reasons, we affirm the judgment of the trial court, and assess costs of this appeal to appellant.

AFFIRMED.

. It appears the contempt matter was heard on March 29th and signed on April 18th.