SUSAN M. CHEHARDY, Judge.
|2In this domestic matter, appellant, Warren G. Treme, appeals the trial court’s award of attorney’s fees to his ex-wife, Dr. Elizabeth Adams. For the following reasons, we amend and, as amended, affirm.
Although we have a designated record in this matter, it is apparent that, since the parties were divorced over eight years ago, there have been multiple contempt proceedings against Mr. Treme for failure to pay court-ordered child support. On November 12, 2009, Dr. Adams filed the Rule for Contempt underlying this judgment.
In that pleading, Dr. Adams attests that, in a judgment signed October 1, 2009, Mr. Treme was found to be in arrears in the amount of $8,571.25. Further, Mr. Treme was ordered to pay child support for his two minor children to their mother, Dr. Adams, on the 1st and 15th of each month in the amount of $1,043.25. In that Rule, Dr. Adams also stated that this is the third time that she has had to rule her ex-husband into court to obtain payment of his support obligation.
|sOn March 5, 2010, the trial judge heard the Rule for Contempt.[1] At the hearing, Mr. Treme’s attorney reported that his client had been ruled into court by Dr. Adams to enforce his client’s child support obligation in December 2008 and on September 4, 2009. Counsel for Mr. Treme stated that his client had been ordered, under penalty of contempt, to pay child support to his ex-wife at both hearings.
Dr. Adams testified that, although Mr. Treme was ordered to tender a support payment to her on September 15, 2009, he did not make that payment until October 5, 2009. She further testified that, although Mr. Treme did pay $8,100.00 on October 5, 2009, he was still in arrears.
Dr. Adams testified that, on November 12, 2009, the date that her Third Rule for Contempt was filed, Mr. Treme was in arrears a total of $8,189.25. She further stated that, although Mr. Treme did pay $2,100.00 on November 19, 2009, he did not make any further payments until March 1, 2010. On the purge date for the Second *1280 Rule for Contempt, Mr. Treme paid $10,675.75.[2] However, on March 5, 2010, Mr. Treme had not yet made his regular payment of $1,642.25 due by court order on March 1, 2010.
At that hearing, Dr. Adams also presented testimony and documentation that, in order to enforce the child support order, she had incurred legal fees and costs totaling $4,026.00. Dr. Adams stated that she had incurred extra legal fees because her ex-husband refused to tender the twice-monthly payments directly to her. Instead, Mr. Treme tenders a check to his attorney, who then mails the check to her attorney, who then copies and mails the check to Dr. Adams.
|4On cross-examination, Dr. Adams admitted that Mr. Treme did pay $1,000.00 toward his arrearages on February 5, 2010. Upon further questioning from counsel for Mr. Treme, she also stated that, although Mr. Treme did pay his ar-rearages on March 1, 2010, that payment was 15 days late. Further, Dr. Adams stated that she had recently paid her attorney $5,000.00 for work done in this case.
During his testimony, Mr. Treme did not contradict Dr. Adams’ statement that he failed to make support payments from November 19, 2009 until the purge date enumerated in the Judgment on Dr. Adams’ Second Rule for Contempt. He stated, “Now, if you want a timeline of what happened, when I was able to give the money, I paid.”
Upon examination by counsel for Dr. Adams, Mr. Treme admitted that he was jailed for five days for “failure to appear, and I made a child support payment at that time. So it was for failure to appear, not child support payments.” Finally, Mr. Treme also admitted that he had continuously paid his own bills, including a mortgage of $3,389.00, car note of $664.00, and monthly utilities throughout the time that he was not paying his twice-monthly child support obligation.
After hearing all of the testimony and considering the exhibits and argument, the trial court found Mr. Treme in contempt. The trial judge awarded Dr. Adams’ attorney fees of $2,000.00 and costs of $245.00 to be paid by March 12, 2010. Further, the trial court sentenced defendant to serve 90 days in the Jefferson Parish Correctional Center, suspended. The trial court ordered that the sentence will become executory “if he misses another child support payment on the date it is due.” Finally, the trial judge ordered Mr. Treme to pay his March 1, 2010 payment by March 12, 2010 or to “report to JPCC and begin serving his time until he is current.” A written judgment to this effect was signed on March 23, 2010 and notice was issued by the Jefferson Parish Clerk of Court on March 25, 2010.
|BOn April 14, 2010, Mr. Treme filed a Motion and Order for Devolutive Appeal on the basis that the award of attorney fees of $2,000.00 was excessive. In brief to this Court, Mr. Treme assigns two errors: first, he argues the trial court abused its discretion in awarding attorney fees, and second, he argues the trial court erred in refusing to allow Mr. Treme’s counsel to use “unredacted” copies of her legal bills to cross examine Dr. Adams about her attorney fees.
*1281 Here, defendant complains that the award of $2,000.00 in attorney fees is unwarranted. In actions relating to child support matters, the court has statutory authority to award attorney fees. La. R.S. 9:375(A) reads:
When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse’s education or training, it shall, except for good cause shown, award attorney’s fees and costs to the prevailing party. [Emphasis added].
Clearly, under La. R.S. 9:375(A), the trial judge “shall” award attorney’s fees to the prevailing party, unless there is “good cause” not to award said fees. At the hearing, Dr. Adams presented evidence that, in her attempts to enforce the child support order, she had incurred attorney’s fees totaling $4,026.00. However, the trial judge, finding that the fees were not all incurred as “the result of his failure to pay his child support,” ordered Mr. Treme to pay $2,000.00 toward Dr. Adams’ attorney’s fees. We disagree.
Testimony at the hearing revealed Mr. Treme’s recalcitrance towards his moral and legal obligation to support his children, which forces his ex-wife to continually expend resources to enforce that obligation. Dr. Adams testified that she has had to rule her ex-husband into court three separate times to enforce his obligation to his children. In the rule that is the subject of this appeal, the record | (¡reflects that she spent six months paying her attorney to rule Mr. Treme into court to pay his regular obligation and his ar-rearages.
Further, he refuses to tender his obligation to the obligee, his ex-wife. Rather, Mr. Treme tenders each check to his attorney, who then forwards the check to Dr. Adams’ attorney, who then forwards the check to Dr. Adams.[3] Moreover, We cannot say that the testimony at the hearing established “good cause” not to pay all of Dr. Adams’ submitted attorney’s fees. Under these circumstances, we find that an award of $2,000.00 in attorney fees was an abuse of discretion. See, Moises v. Moises, 97-1208 (La.App. 5 Cir. 4/15/98), 710 So.2d 1191. After reviewing the record, we find that the trial judge should have ordered Mr. Treme to pay all of Dr. Adams’ attorney’s fees established at trial. Therefore, we amend the award of attorney’s fees that Mr. Treme must pay to Dr. Adams to $4,026.00.
In his second argument, Mr. Treme contends that the trial court erred in refusing to allow Mr. Treme’s counsel to use “unredacted” copies of her legal bills to cross-examine Dr. Adams about her attorney fees. At the hearing, counsel for Mr. Treme questioned Dr. Adams about her bills that had been redacted to obscure any information that may have been subject to attorney-client privilege. He thoroughly examined Dr. Adams regarding her knowledge of her attorney’s time and effort spent ruling Mr. Treme into court to enforce the child support judgment against him. In fact, the trial judge was persuaded by Mr. Treme’s attorney and awarded *1282 half the amount of attorney’s fees submitted by Dr. Adams. Thus, we cannot see how Mr. Treme was prejudiced by the redaction. This argument lacks merit.

\ .FRIVOLOUS APPEAL

Dr. Adams requested a sanction for this appeal as frivolous. The appellate court may award damages for a frivolous appeal. La. C.C.P. art. 2164. This provision is penal in nature and is to be strictly construed. Id.
Damages for frivolous appeals, like sanctions at the trial court level, are utilized to curtail the filing of appeals that are intended to delay litigation, harass another party, or those that have no reasonable basis in fact of law. Straughter v. Hodnett, 42,827 (La.App. 2 Cir. 1/9/08), 975 So.2d 81, writ denied, 08-0573 (La.5/2/08), 979 So.2d 1286. An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a serious legal question, or counsel does not seriously believe in the proposition of law he is advancing. Id. Appeals are favored and appellate courts are reluctant to impose damages for frivolous appeals. Id.
Our review of this record does not show that this appeal was taken solely for delay or that Mr. Treme did not seriously believe he was entitled to relief. An award of damages to Dr. Adams for frivolous appeal is not warranted.
For the foregoing reasons, we amend the judgment, and affirm as amended. Costs of this appeal are assessed to Mr. Treme.

AMENDED AND, AS AMENDED, AFFIRMED.

. At the beginning of that hearing, Mr. Treme's attorney had to admit that, in reference to another support issue before the Court, his client had failed to comply with the trial judge’s recent order to produce banking records for the two previous years to support his Rule to Reduce Child Support.

. The record is unclear as to whether the purge date for the Second Rule for Contempt was February 15, 2010 or March 1, 2010. Because both parties agree that Mr. Treme paid the entire arrearage amount on that date, the actual date is not at issue in this appeal. The record is unclear because neither the Second Rule for Contempt nor the Judgment on that Rule were designated for inclusion in this appellate record by appellant, Mr. Treme.

. It is unclear from the testimony whether Mr. Treme is writing the check to his ex-wife or to his attorney, who must then negotiate a check to Dr. Adams' lawyer, who must negotiate a check to her client. We will give Mr. Treme the benefit of the doubt that he is writing the check to the obligee, his ex-wife. Because he has already been found in contempt of court for failing to support his children, it would be unwise to continue to delay fulfilling his obligation to his children by participating in puerile behavior. See, Sport v. Sport, 03-0364 (La.App. 5 Cir. 10/28/03), 860 So.2d 258, 261.