McClendon, j.
 

 | ¾A payment bond insurer appeals a trial court judgment against it that awarded sanctions to a subcontractor’s previous counsel personally after settlement of the underlying dispute. For the following reasons, we vacate in part the judgment of the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 On January 18, 2007, Chenier Property Partners, L.L.C. (Chenier), as owner, and Echelon Construction Services, L.L.C. (Echelon), as general contractor, entered into a contract for the construction of the project known as Chenier Apartments lo
 
 *1255
 
 cated in Mandeville, Louisiana. A payment bond in the amount of $30,011,467.00 was secured on January 18, 2007, naming Echelon as principal, Travelers Casualty and Surety Company of America (Travelers) as surety, and Chenier as obligee. Pursuant to the Private Works Act, the contract and statutory bond were filed with the parish before work began on the project. Sometime thereafter, SWC Services, L.L.C. (SWC) entered into a subcontractor agreement with Echelon to perform work on the project. In December of 2008 and February of 2009, SWC recorded liens against the property, claiming that it had provided labor and equipment for the project and that it had not been paid $122,331.63, the principal balance due and owing, despite amicable demand.
 

 On March 6, 2009, SWC filed the present lawsuit against Echelon, Chenier, and Travelers to collect the unpaid balance, alleging that SWC provided labor and equipment to the project and that Echelon failed to pay SWC the $122,331.63 outstanding balance. In Paragraph 3 of its Petition, SWC alleged that “Travelers executed a Payment Bond, which is also recorded with the Contract and in which Travelers assumed the role as surety of all claims for labor and material used or furnished in performance of the Contract.” On April 20, 2009, Echelon and Travelers, through their counsel, answered the petition, specifically denying the allegations of Paragraph 3. Further, as an affirmative defense in Paragraph 16 of their Answer, Echelon and Travelers alleged that “[t]he claims of SWC against Travelers are barred by the applicable provisions of lathe payment bond.” When SWC, through discovery, in May of 2009, tried to ascertain what provisions of the payment bond allegedly barred SWC’s claims, Travelers objected to the request, responding that the document was the best evidence of its contents. On May 28, 2009, counsel for Travelers withdrew.
 

 Thereafter, on August 18, 2009, SWC filed a Motion for Partial Summary Judgment and for Sanctions, seeking to have the payment bond declared valid and to sanction Travelers for having wrongfully filed pleadings that it knew or should have known were false and only for delay purposes. Travelers opposed the motion claiming that it was improper in that it sought to compel discovery responses instead of a judgment and, further, that SWC was not entitled to judgment as a matter of law. Travelers also opposed the motion for sanctions contending that its responses were accurate and were made in good faith and upon reasonable belief or inquiry, not with the purpose to cause undue delay.
 

 A hearing was held on September 29, 2009, after which the trial court orally ruled, granting SWC’s motion for summary judgment and awarding sanctions against Travelers’ certifying attorney in the amount of $1,500.00. However, because the certifying attorney was not given notice of the hearing, the matter was reset for November 3, 2009. Meanwhile, on October 5, 2009, SWC settled all claims with Travelers. Upon discovering that SWC and Travelers settled the matter, counsel for SWC withdrew as counsel for SWC on October 20, 2009. Subsequently, after learning that the settlement proceeds were going to be deposited into the registry of the court, SWC’s former counsel filed a petition for intervention, on October 23, 2009, urging the court to retain one-third of the settlement amount.
 
 [1]
 

 At the November 3, 2009 hearing, there was lengthy discussion between the trial
 
 *1256
 
 court and counsel for the parties regarding the history of this matter. At the conclusion, the trial court orally reiterated its ruling of September 29, 2009, awarding sanctions, but removed the sanctions against the certifying attorney band sanctioned only Travelers in favor of the mover’s attorney. The trial court further granted the parties’ motion to dismiss the underlying matter based on the settlement. Judgment on the motion to dismiss was signed on November 5, 2009, specifically reserving the rights of all parties and counsel “to pursue any claims for sanctions.”
 
 [2]
 

 Judgment was signed on November 30, 2009, granting SWC’s motion for summary judgment and confirming that the Travelers bond was a valid and enforceable Private Works Act bond under LSA-R.S. 9:4801,
 
 et seq.
 

 [3]
 

 The judgment further granted sanctions and ordered Travelers to pay $1,500.00 in attorney fees to the “Mover’s Attorney” and court costs associated with the motion for summary judgment. Travelers appealed the award of sanctions.
 

 DISCUSSION
 

 At the time that sanctions were imposed in this matter
 
 [4]
 
 , LSA-C.C.P. art. 863 provided, in pertinent part:
 

 A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
 

 B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 

 [[Image here]]
 

 D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses | ¿incurred because of the filing of the pleading, including a reasonable attorney’s fee.
 

 E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
 

 Article 863 is derived from Rule 11 of the Federal Rules of Civil Procedure.
 
 [5]
 
 
 *1257
 
 Because there is limited jurisprudence interpreting and applying Article 863, federal decisions applying Rule 11 have provided guidance to Louisiana courts.
 
 Sanchez v. Liberty Lloyds,
 
 95-0956, p. 5 (La.App. 1 Cir. 4/4/96), 672 So.2d 268, 271,
 
 writ denied,
 
 96-1123 (La.6/7/96), 674 So.2d 972. Both Rule 11 and Article 863 apply to the signing of pleadings, motions and other papers, imposing upon attorneys and litigants affirmative duties as of the date a document is signed. The court must determine whether the individual, who certified the document purported to be viola-tive, has complied with those affirmative duties.
 
 Id.
 
 The obligation imposed upon litigants and their counsel who sign a pleading is to make an objectively reasonable inquiry into the facts and the law.
 
 Sanchez,
 
 95-0956 at p. 6, 672 So.2d at 271.
 

 The comments to Federal Rule 11 recognize that the purpose of Rule 11 sanctions is to deter rather than to compensate. Further, as a general rule, an award of attorney fees is a type of penalty imposed not to make the injured party whole, but rather to discourage a particular activity on the part of the opposing party.
 
 See Langley v. Petro Star Corp. of La.,
 
 01-0198, p. 3 (La.6/29/01), 792 So.2d 721, 723. Thus, penal statutes are to be strictly construed.
 
 Id.
 

 In its appeal, Travelers claims that LSA-C.C.P. art. 863 does not provide for sanctions to the “mover’s attorney.” It asserts that Article 863 is unambiguous and runs only to the benefit of the party and, because SWC settled all claims with Travelers on October 5, 2009, the award of sanctions to SWC’s | fiprevious counsel was inappropriate. Chenier
 
 [6]
 
 argues, however, that because LSA-C.C.P. art. 863 D provides that an appropriate sanction “may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee,” the language makes no restrictions on sanctions to be imposed, including to whom the sanctions may be awarded. (Emphasis added.) We disagree. Being penal in nature, Article 863 must be strictly construed. The language regarding appropriate sanctions simply addresses one of the possible sanctions that may be imposed upon a party or parties, not to whom they can be paid. A similar conclusion has been reached by our brethren on the fourth circuit in
 
 Green v. Wal-Mart Store # 1163,
 
 96-1124, p. 3 (La.App. 4 Cir. 10/17/96), 684 So.2d 966, 968. There, they concluded that it was error to direct sanctions payable to the client’s attorney, rather than to the client, since the article restricts payment of the sanction to the other party or parties.
 

 We thus conclude that it was error for the trial court to award $1,500.00 in sanctions to the “Mover’s Attorney” in its judgment of November 30, 2009. Further, SWC did not pursue the sanctions claim following its settlement with Travelers, despite the reservation of rights in the judgment of dismissal allowing it to do so. Accordingly, that portion of the judgment awarding sanctions must be vacated.
 
 [7]
 

 CONCLUSION
 

 Based on the above, that portion of the November 30, 2009 judgment of the trial court, awarding sanctions to the “Mover’s Attorney” is hereby vacated. Costs of this
 
 *1258
 
 appeal shall be shared equally between the intervenor/appellee and Travelers.
 

 JUDGMENT VACATED IN PART; MOTION TO STRIKE DENIED.
 

 [1]
 

 . Former counsel also asked for an increase in the amount of attorney fees awarded as sanctions.
 

 [2]
 

 . We note however that the mere reservation of the right to pursue sanctions cannot confer a right that does not exist under the law.
 

 [3]
 

 . We do not address the propriety of the judgment confirming the validity of the bond, as this issue has not been raised by the parties, nor has it been assigned as error.
 

 [4]
 

 . Louisiana Code of Civil Procedure Article 863 was amended by Acts 2010, No. 540, § I.
 

 [5]
 

 . Although Rule 11 is worded somewhat differently from LSA-C.C.P. art. 863, that distinction is not pertinent to our discussion herein.
 

 [6]
 

 . Travelers has filed a motion to strike the opposition of Chenier or, alternatively a reply brief. We deny said motion and treat it as a reply brief, and note that our decision is based solely on the record before us and not on argument of counsel.
 

 [7]
 

 . While there may well be merit in the sanctions imposed on Travelers, based on our opinion, that issue is pretermitted.