FREDERICKA HOMBERG WICKER, Judge.
| ¡.Appellant-attorney, Cynthia Samuel, appeals the trial court’s judgment imposing sanctions against her pursuant to La. C.C.P. art. 863 and denying her motion for sanctions against appellees and their counsel. For the following reasons, we affirm that portion of the trial court judgment imposing sanctions and attorney fees against Ms. Samuel under La. C.C.P. art. 863. However, because we find Ms. Samuel — who is not a party in this matter — does not have a right of action for sanctions against appellees or their counsel, we vacate that portion of the trial court judgment denying Ms. Samuel’s motion for sanctions, and dismiss Ms. Samuel’s motion for sanctions.

FACTUAL AND PROCEDURAL BACKGROUND

Mr. Rod David Guidry and Ms. Sherry Voitier were married on October 9, 1993, and, of that marriage, three children were born. Following the death of Mr. Guidry’s father, Mr. Guidry and Ms. Voitier moved into the Guidry family home on Midway Drive (“Midway home”) with Mr. Guidry’s mother’s permission.[1] The | ^parties never purchased the Midway home but resided in the home together until they separated in 2011, at which time Mr. Guidry moved out and Ms. Voitier remained in the Midway home with the minor children.
On September 21, 2012, Ms. Voitier filed a Petition for Divorce in the 24th Judicial District Court against Mr. Guidry.[2] At that time, Ms. Voitier was represented by counsel Y’vette A. D’Aunoy. Mr. Guidry, through his counsel, filed various exceptions to Ms. Voitier’s petition for divorce, including the exception of vagueness and ambiguity, asserting that the petition for divorce was vague and ambiguous because it referred to “jointly owned property” as well as “jointly owned assets of the community of acquets and gains[,]” and the exception of no cause of action as to any community property claims, contending that the parties executed a marriage contract renouncing the Louisiana laws of community property prior to the marriage. These exceptions were set for hearing on December 13, 2012, in front of the domestic commissioner. Mr. Guidry also filed a *265 reconventional demand against Ms. Voitier, seeking a divorce.
On December 4, 2012, Ms. Cynthia Samuel, appellant herein, enrolled as counsel for Ms. Voitier. On December 18, 2012, the parties appeared before the hearing officer. At that time, the parties stipulated and agreed to various terms, including child support and custody issues. The hearing officer heard and granted Mr. Gui-dry’s exceptions of vagueness and ambiguity as well as the exception of no cause or right of action related to community property claims, allowing Ms. Voitier fifteen days to amend her petition relative to the issues raised in Mr. Guidry’s exceptions. On that date, the parties were also granted a judgment of divorce.[3]
|4On December 28, 2012, Ms. Voitier, through her counsel Ms. Samuel, fax-filed a “First Amending and Supplemental Petition and Amending and Supplemental Answer to Reconventional Demand.” The supplemental and amended petition challenged the alleged “marriage contract” contending that the contract was invalid for lack of consent. Ms. Voitier asserted that she understood the one-page contract to state that future fruits of separate property would remain separate and that she did not intend to renounce a community property regime.[4]
Ms. Voitier’s supplemental and amended petition further sought use of the Midway home under La. R.S. 9:S74(A).[5] Additionally, the supplemental and amended petition added Mr. Guidry’s mother, Mrs. Susan Guidry (“Mrs. Guidry”), as a defendant and asserted a possessory action against her, seeking possession of the Midway home under La. C.C.P. art. 3655.[6] Ms. Voitier asserted that she had been in possession of the home for more than one year and that a notice of eviction recently placed on the door by Mrs. Guidry was a “disturbance in fact” of her peaceable possession as required to assert a possessory action. Ms. Voitier also asserted that certain movables in the home were gifted to her and her husband by Mrs. Guidry and, *266 alternatively, that she and Mr. Guidry had acquired certain movables in the home pursuant to ten-year acquisitive prescription.
|,-On January 23, 2013, Mr. Guidry filed “Motions to Dismiss and Strike, for Sanctions, and Exceptions to Plaintiffs First Amending and Supplemental Petition and Amending and Supplemental Answer to Reconventional Demand.”[7] In support of his motions, Mr. Guidry asserted that Ms. Samuel failed to timely provide a copy of the supplemental and amended petition to all counsel as required by local rules. Mr. Guidry asserted that the fax-filed version of the supplemental and amended petition was submitted on December 28, 2012, at 11:53 p.m., but that a copy was not furnished to opposing counsel until after January 10, 2012. Mr. Guidry further asserted that the supplemental and amended petition, adding a new defendant to the divorce litigation and raising a possessory action for possession of the Midway home, asserted frivolous claims against Mr. Gui-dry and his mother, Mrs. Guidry, contained incomplete/meaningless sentences, and caused unnecessary delay and an increase in the cost of the litigation.[8]
On January 29, 2013, Mrs. Guidry also filed an exception of no cause of action as to the possessory action as well as a Motion for Sanctions against Ms. Voitier and her counsel, Ms. Samuel.[9]
| (iOn February 1, 2013, Ms. Samuel filed a motion to withdraw as counsel. On the same date, Ms. Samuel also filed a motion for sanctions on behalf of herself and her client at the time, Ms. Voitier, against Mr. Guidry and his mother, Mrs. Guidry, and their counsel. Ms. Voitier’s motion for *267 sanctions asserted that the motions for sanctions filed against her and her client, Ms. Voitier, were frivolous and that the filing of the sanction motions by Mr. Gui-dry and Mrs. Guidry warranted sanctions against them.
On March 11, 2013, the domestic commissioner granted Ms. Samuel’s motion to withdraw as counsel of record. The domestic commissioner further granted Mr. Guidry’s motion to strike the amended and supplemental petition and preserved the sanctions motions for review by the district court judge, to be heard on March 26, 2013. On the morning of the hearing before the district judge, Ms. Samuel requested a continuance of the sanctions hearing, stating that she was overwhelmed by her judicial campaign and the death of her sister one month prior.[10] Following a lengthy hearing on Ms. Samuel’s motion to continue the sanctions hearing, the trial judge reluctantly granted Ms. Samuel’s motion to continue over Mr. Guidry’s and Mrs. Guidry’s objections. The hearing was postponed until May 6, 2013, to allow the hearing to be set after Ms. Samuel’s judicial race.
On May 6, 2013, and May 8, 2013, the trial court conducted a hearing on the sanctions motions filed by Mr. Guidry and Mrs. Guidry against Ms. Voitier and Ms. Samuel, as well as Ms. Samuel’s motion for sanctions against Mr. Guidry, Mrs. Guidry, and their respective counsel. Although numerous pleadings filed by Ms. Voitier and Ms. Samuel were discussed at the hearing, the focus of the hearing was on the supplemental and amended petition filed by Ms. Samuel on behalf of |7Ms. Voitier. Following a lengthy hearing, the trial judge took the matter under advisement.
On May 24, 2013, the trial judge issued a written judgment, granting sanctions against Ms. Samuel and denying Ms. Samuel’s motion for sanctions against Mr. Gui-dry, Mrs. Guidry, and their counsel.[11] In her judgment, the trial judge explained that “numerous pleadings ... have unnecessarily increased costs, increased delay, or both” and further found that Ms. Samuel’s amended petition created “improper complexity” in the divorce litigation, resulting in a delay of the proceedings, increased cost to the parties, and the addition of Mrs. Guidry as a defendant in a meritless possessory action.
The trial court assessed all costs of the proceedings against Ms. Samuel and further awarded $1,500.00 in attorney fees to Mrs. Guidry related to her motion for sanctions against Ms. Samuel and $3,000.00 in attorney fees to Mr. Guidry related to his motion for sanctions against Ms. Samuel.
Ms. Samuel has appealed the trial court judgment, asserting that the trial court was manifestly erroneous in imposing sanctions against her and in denying her motion for sanctions against appellees. Mrs. Guidry and Mr. Guidry have filed answers- to the appeal seeking additional attorney fees for a frivolous appeal.
For the reasons provided herein, we find that the trial court was not manifestly erroneous in its judgment against Ms. Samuel and we affirm that portion of the judgment imposing sanctions against her. However, because we find that Ms. Samuel does not have an individual right of action against appellees for sanctions, we vacate *268 that- portion of the judgment denying Ms. Samuel’s motions |sfor sanctions. Moreover, we decline to grant appellees’ answers to this appeal requesting the imposition of additional attorney fees under La. C.C.P. art. 2164.[12]

DISCUSSION

The judgment appealed concerns the imposition of sanctions under La. C.C.P. art. 868, which, in pertinent part, provides:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(8) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
[[Image here]]
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
La. C.C.P. art. 863 imposes an obligation upon litigants and their counsel who sign a pleading to make an objectively reasonable inquiry into the facts and the law; subjective good faith will not satisfy the duty of reasonable inquiry. Alombro v. Alfortish, 02-1081 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, 1168, writ denied, 03-1947 (La.10/31/03), 857 So.2d 486.
To decide whether sanctions are appropriate, a court considers certain factors in determining whether a litigant and his counsel made the required reasonable factual inquiry: (1) time available to the signor for investigation; (2) extent of the attorney’s reliance on the client for factual support for pleadings; (3) feasibility of prefiling investigation; (4) whether the signing attorney accepted the case from another attorney; (5) complexity of factual and legal issues; and (6) the extent to which development of factual circumstances underlying the claim required discovery. Id.
*269 On review, a trial court’s determination of whether to impose sanctions will not be reversed unless it is manifestly erroneous or clearly wrong. Id.; see also Richardson v. Whitney Nat’l Bank, 06-803 (La.App. 5 Cir. 2/27/07), 953 So.2d 836, 839.
We address each portion of the trial court judgment appealed below:

Motion for Sanctions against Ms. Samuel

The trial court imposed sanctions against Ms. Samuel pursuant to La. C.C.P. art. 863, finding that numerous pleadings she filed created improper complexity-resulting in the addition of a possessory action and a new defendant, Ms. Voitier’s former mother-in-law, Mrs. Guidry — and resulted in unnecessarily increased costs and attorney fees to opposing parties. On appeal, Ms. Samuel argues that a pleading filed must only have the “slightest justification” and that, in order to impose sanctions, the trial court must find that none of the claims asserted in the filed pleading have merit. However, a violation of any one of the duties imposed in La. C.C.P. art. 863 as to any claim fatally infects the entire certification and may warrant sanctions. Alambro, supra. For the reasons discussed below, we find the | intrial judge was not manifestly erroneous in imposing sanctions against Ms. Samuel under La. C.C.P. art. 863 for the filing of the supplemental and amended petition, which, in addition to other claims, asserted a posses-sory action against Mrs. Guidry.[13]

Possessory Action

The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted. La. C.C. art. 3655. To acquire possession, one must intend to possess as owner, and must take corporeal possession of the thing. La. C.C. art. 3424 (emphasis added). To maintain a possessory action, the possessor must allege (1) that she had possession of the immovable property or a real right therein at the time the disturbance of the possession occurred; (2) she and her ancestors in title had such possession quietly and without interruption for a period of one year prior to the distur-' bance; (3) the disturbance was one in fact or in law; and (4) the possessory action was instituted within a year of the disturbance. La. C.C. art. 3658.
The exercise of possession over a thing with the permission of or on behalf of the owner or possessor is precarious possession. La. C.C. art. 3437. A precarious possessor does not possess for himself, does not intend to actually own the thing he possesses, and may not bring the pos-sessory action against the person for whom he possesses. Ormond Country Club v. Dorvin Dev., Inc., 498 So.2d 144, 151 (La.App. 5 Cir.1986). A precarious possessor commences to possess as |»owner when he gives actual notice of this intent to the person on whose behalf he is possessing. La. C.C. art. 3439 (emphasis added).
The testimony presented at the sanctions hearing reflects that Ms. Voitier was a precarious possessor who never possessed the Midway home as owner and, thus, was prohibited from asserting a pos-sessory action against Mrs. Guidry, from *270 whom she obtained permission to reside in the Midway home.[14]
At the sanctions hearing, Ms. Voitier testified that she and her husband first occupied the Midway home in the year 2000 after Mr. Guidry’s father’s death and did so with- Mrs. Guidry’s permission. Ms. Voitier was not responsible for the finances in the home but testified that she did not believe that she and Mr. Guidry paid any rent as compensation for their occupation of the home.[15] Ms. Voitier testified that, after she became pregnant with her first child, she assumed that she and Mr. Guidry had purchased the Midway home together but admittedly could not recall completing any paperwork transferring the property.
Ms. Voitier testified that she knew, by 2011, that her husband had never purchased the Midway home and that she had no ownership interest in the home. Ms. Voitier further testified that, following the advice of counsel, she believed that Mr. Guidry had an ownership interest in the home at the time the supplemental and amended petition was filed.
The record further reflects that Ms. Samuel knew or should have known that, at the time she filed the supplemental and amended petition, neither her client nor Mr. Guidry held title to the Midway home property. Further, the record supports a 1 ^finding that Ms. Voitier occupied the Midway home with Mrs. Guidry’s permission until immediately before the filing of the supplemental and amended petition and, thus, did not possess as owner for one year as required under La. C.C. art. 3658.
The initial exceptions to Ms. Voitier’s petition for divorce, filed by Mr. Guidry on October 12, 2012, assert that Mrs. Susan Guidry had an ownership interest in half of the home and that a testamentary trust, naming Mrs. Guidry as trustee, had ownership of the other half of the home. Further, Mr. Guidry’s counsel forwarded correspondence to Ms. Samuel on December 31, 2012, informing her that the Midway home is not Mr. Guidry’s separate property and was therefore not subject to Ms. Voitier’s use under La. R.S. 9:374.[16] The correspondence further asserted that the Jefferson Parish public records accurately *271 reflect that Mrs. Guidry owns half of the property in full ownership and holds title to the other half of the property as trustee and, thus, holds full title to the property at issue.[17] At the sanctions hearing, Ms. Samuel testified that she did in fact have access to the Jefferson Parish public conveyance records but that she did not review them prior to filing the supplemental and amended petition asserting the posses-sory action.[18]
Based upon our review of the record, we find that Ms. Voitier was a precarious possessor and, thus, the filing of the pos-sessory action in this matter was |^without merit. We further find that, with objective and reasonable inquiry, Ms. Samuel should have known that the filing of the possessory action was improper. The record reflects that, despite being informed by opposing counsel that Mr. Guidry had no ownership interest in the home, and being directed to the Jefferson Parish public conveyance records, Ms. Samuel did not investigate the ownership of the Midway home prior to filing the supplemental and amended petition. The addition of the possessory action added a new defendant and caused Mrs. Guidry’s counsel to do extensive research and file pleadings to defend the possessory action. Further, the filing of the possessory action caused Mr. Guidry additional expense and delay because he continued to pay the Midway home expenses while the action was pending and, for a period of time, also paid spousal support in addition to those expenses. Moreover, the possessory action delayed Mrs. Guidry’s efforts to evict Ms. Voitier due to the dismissal of Mrs. Gui-dry’s eviction proceedings in the justice of the peace court through an exception of lis pendens.
We find that the trial judge was not manifestly erroneous in imposing sanctions and, thus, determining that Ms. Samuel filed the possessory action to delay the finality of the proceedings so that her client could continue to live in the home— in which neither she nor her husband had any ownership interest.
Once the trial court determines that sanctions are appropriate, the trial court has considerable discretion as to the type and severity of sanctions to be imposed. Alombro, supra. An award of attorney fees is a type of penalty imposed not to make the injured party whole, but rather to discourage a particular activity on the part of the opposing party or counsel. See Langley v. Petro Star Corp. of La., 01-0198 (La.6/29/01), 792 So.2d 721, 728. Louisiana Code of Civil Procedure article 863 authorizes an award of “reasonable” and not necessarily actual attorney fees. The goal to be served by imposing sanctions is not wholesale fee shifting, but |!correction of litigation abuse. Alombro, supra. La. C.C.P. art. 868 is penal in nature and should be strictly construed. SWC Servs. v. Echelon Constr. Servs., 10-1113 (La.App. 1 Cir. 2/11/11), 56 So.3d 1254, 1257.
In this case, the trial judge awarded $3,000.00 in attorney fees to Mr. Guidry in addition to all costs of the proceedings *272 related to his sanctions motion and $1,500.00 in attorney fees to Mrs. Guidry in addition to all costs incurred related to her sanctions motion. On appeal, this Court must determine whether the trial judge abused her considerable discretion in imposing the amount of attorney fees in this case, while also considering the purpose and intent of the penal article. Id. Upon our review of the record, we find that the trial judge did not abuse her considerable discretion in the amount of attorney fees awarded and we affirm that portion of the trial court judgment.

Ms. Samuel’s Motion for Sanctions against Appellees

On February 10, 2013, Ms. Samuels filed a motion for sanctions on behalf of herself and her client at that time, Ms. Voitier, against Mr. Guidry, Mrs. Guidry, and their counsel. However, Cynthia Samuels subsequently withdrew (before the sanctions hearing) from her representation of Ms. Voitier. Ms. Voitier’s new counsel, Mr. Bennett Wolff, subsequently dismissed Ms. Voitier’s sanctions claim. Therefore, the only remaining motion for sanctions against Mr. Guidry,- Mrs. Guidry, and their counsel was Ms. Samuel’s individual motion.
La. C.C.P. art. 863(D) provides:
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, -the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees, (emphasis added.)
| lsLa. C.C.P. art. 863(D) states that a trial court may impose sanctions against a party or “the person who made the certification” but that sanctions may only be heard or determined “upon motion of any party or upon its [the court’s] own motion. ...” (emphasis added). This article is penal in nature and, thus, should be strictly construed. SWC Servs., supra. We interpret the clear statutory language to state that only a party (or the court) may bring an action for sanctions against either another represented party or the attorney who made the certification on a pleading for a represented party. An appellate court may, on its own motion, recognize the peremptory exception of no right of action. See La. C.C.P. art. 927; see also Dufrene v. Ins. Co. of the State of Pa., 01-47 (La.App. 5 Cir. 5/30/01), 790 So.2d 660, 673. Because Ms. Samuel is not a party to this matter, we find that she has no right of action for sanctions against the other parties or counsel.
Accordingly, because we find that Ms. Samuel had no right of action to file an individual motion for sanctions in this matter, we vacate that portion of the trial court judgment addressing Ms. Samuel’s motion, and dismiss Ms. Samuel’s motion for sanctions.

Frivolous Appeal

Mr. Guidry and Mrs. Guidry have filed answers to this appeal, asserting that Ms. Samuel’s appeal is frivolous and seeking additional attorney fees and damages. Rule 2-19 of the Uniform Rules-Courts of Appeal provides that “[t]he court may award damages for frivolous appeal in civil cases as provided by law.” An appellate court may award damages and/or attorney fees for a frivolous appeal under La. C.C.P. art. 2164. This provision is penal in nature and is to be strictly construed. Treme v. Adams, 10-554 (La.App. 5 Cir. 1/11/11), 59 So.3d 1278, 1282.
*273 | ^Damages for frivolous appeals, like sanctions at the trial court level, are utilized to curtail the filing of appeals that are intended to delay litigation, harass another party, or those that have no reasonable basis in fact of law. Id. An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a serious legal question, or counsel does not seriously believe in the proposition of law she is advancing. Id. Appeals are favored and appellate courts are reluctant to impose damages for frivolous appeals. Id.
Our review of the record does not show that this appeal was taken solely for delay or that Ms. Samuel did not believe in the proposition of law she asserted. An award of damages or attorney fees against Ms. Samuel for a frivolous appeal under La. C.C.P. art. 2164 is not warranted in this case.

CONCLUSION

For the reasons provided herein, we affirm that portion of the trial court judgment imposing sanctions against Ms. Samuel and granting opposing counsel attorney fees but vacate that portion of the judgment denying Ms. Samuel’s motion for sanctions against Mr. Guidry, Mrs. Guidry, and their counsel. We dismiss Ms. Samuel’s motion for sanctions against Mr. Gui-dry, Mrs. Guidry, and their counsel. All costs related to this appeal are assessed against appellant herein, Ms. Samuel.

AFFIRMED IN PART: VACATED IN PART

. Mr. Guidry’s father left his ownership in the Midway home to his two sons in trust (naming Mrs. Guidry as the trustee), subject to a lifetime usufruct in favor of Mrs. Guidry.

. The petition for divorce also sought child support, interim and permanent spousal support, and an injunction enjoining Mr. Guidry from disposing of or alienating any assets. On the same date,, Ms. Voitier, in proper person, filed a petition for protection from abuse. Ms. Voitier voluntarily dismissed the petition for protection from abuse on October 8, 2012.

. Mr. Guidry filed a motion to set for trial the issue of divorce alone raised in Ms. Voitier’s divorce petition. Ms. Voitier, through counsel Ms. Samuel, filed an exception of prematurity, asserting that the divorce could not be granted until Ms. Voitier had filed an answer to Mr. Guidry’s reconventional demand. The parties subsequently agreed to the judgment of divorce and the exception of prematurity was never determined by the court.

. The language of the one-page marriage contract, signed by both parties in August of 1993, provides that the parties “do hereby renounce the Louisiana laws in regard to community property and establish a regime of separation of property.”

. La. R.S. 9:374(A) provides:
When the family residence is the separate property of either spouse, after the filing of a petition for divorce or in conjunction therewith, the spouse who has physical custody or has been awarded temporary custody of the minor children of the marriage may petition for, and a court may award to that spouse, after a contradictory hearing, the use and occupancy,of the family residence pending the partition of the community property or one hundred eighty days after termination of the marriage, whichever occurs first. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, and shall award the use and occupancy of the family residence to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family residence in awarding spousal support.

.La. C.C.P. art. 3655 provides:
The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.

. Mr. Guidry also filed a motion for sanctions against Ms. Voitier individually, which is not at issue in this appeal.

. In his motion to strike the amended petition, Mr. Guidry claimed that the amended petition was untimely. Ms. Voitier was granted fifteen days from December 13, 2012, to file her amended petition, pursuant to the hearing officer’s order. On December 28, 2012, at 11:53 p.m., Ms. Voitier, through counsel. Ms. Samuel, fax-filed her supplemental and amended petition. Ms. Voitier provided an original to the clerk’s office on January 8, 2013. However, Mr. Guidry asserted that because handwritten changes were made to the fax-filed version which, thus, differed from the version filed with the Clerk’s Office, the result is that the pleading should be treated as if it was never filed, pursuant to the fax-filing statute, La. R.S. 13:850. In further support of his motion to strike the supplemental and amended petition, Mr. Guidry asserted that the pleading should be dismissed because Ms. Voitier failed to request leave of court to amend the petition as to other issues, such as the possessory action asserted, that were not provided or contemplated in the hearing officer’s order. Mr. Guidry further filed various exceptions to the supplemental and amended petition for ambiguity and vagueness, improper cumulations of actions, misjoinder of a party, and failure to state a cause or right of action. The trial court did not determine all issues raised in Mr. Guidry’s motion, as Ms. Voitier’s subsequent counsel, Mr. Bennett Wolff, voluntarily dismissed the issues raised in the supplemental and amended petition, including the possessory action filed against Mrs. Guidry.

.Mrs. Guidry attached to her motion correspondence forwarded from Mr. Guidry's counsel to Ms. Samuel requesting the date on which Ms. Voitier intended to move out of the Midway home. Mrs. Guidry indicates that the parties, pursuant to discussions with Ms. Voitier’s prior counsel, agreed that Ms. Voitier would be out of the Midway home by January 15, 2013. Mrs. Guidry indicated that no response was ever received from Ms. Samuel concerning Ms. Voitier’s move-out date. After receiving no response from Ms. Voitier or Ms. Samuel, Mrs. Guidry initiated eviction proceedings in the Justice of the Peace court. As a result of the Midway home possessory action ráised through Ms. Voitier’s supplemental and amended petition in the 24th Judicial District Court, the eviction proceedings were dismissed on an exception of lis pen-dens.

. On March 25, 2013, Ms. Samuel fax-filed a motion to continue and filed the original motion to continue on the morning of the hearing, March 26, 2013.

. The trial court further denied all motions for sanctions against Ms. Voitier individually. That portion of the judgment is not at issue in this appeal.

. La. C.C.P. art. 2164 provides:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

. Because we find that the trial judge was not manifestly erroneous in her finding that the possessory action lacks merit and in imposing sanctions for the increased delay and costs in this matter under La. C.C.P. art. 863, we pretermit discussion of the remaining pleadings or claims on appeal.

. However, even if Mrs. Voitier was not a precarious possessor, Louisiana courts have held that an eviction proceeding is not a "disturbance” which will serve as a basis for a possessory action. Jackson v. Campco of Monroe, Inc., 623 So.2d 1380, 1383 (La.App. 2 Cir.1993); Karst v. Ward-Steinman, 469 So.2d 440 (La.App. 3d Cir.1985). If an eviction proceeding is not a disturbance such as to serve as the basis for a possessory action, then it follows that the mere placing of an eviction notice on the premises is not a "disturbance” in fact or law to serve as a basis for a possessory action.

. Ms. Voitier testified that she understood that her husband paid the taxes and various maintenance expenses for the Midway home.

. The correspondence further asserted, "[t]his pleading comes on the heels of an abuse petition that was filed and dismissed by your client, an exception [filed by Ms. Samuel] seeking to improperly delay the divorce under your client's petition that was filed and dismissed, and exceptions being granted against your client's petition at her cost ... Your client is unreasonably and unnecessarily increasing the costs and delays in this proceeding ... I am asking you not to put me in the uncomfortable position of having to seek a remedy for Dave for having to respond to meritless pleadings.” Mr. Guidry’s counsel sent subsequent correspondence on January 7, 2013, wherein he indicated to Ms. Samuel that he received what appeared to be an amended petition but that, due to its typographical errors and incomplete sentences, he assumed it was a draft of a pleading and requested a copy of the actual filed supplemental petition. In that correspondence, counsel reiterates that the amended petition fails to state a cause of action as to the Midway home and requests that Ms. Samuel withdraw the amended petition.

. La. R.S. 9:1781 provides that "A trustee is a person to whom title to the trust property is transferred to be administered by him as a fiduciary.” Under Louisiana law, title to the trust property vests in the trustee alone, and a beneficiary has no title to or ownership interest in trust property. Bridges v. Autozone Properties, Inc., 04-0814 (La.3/24/05), 900 So.2d 784. 796.

. When questioned as to why she did not review the public records, Ms. Samuel responded, “it didn’t occur to me” and that her main priority was providing Ms. Voitier shelter for her children.