JOHNSON, J.,
dissents with reasons.
hi respectfully disagree with sustaining State Farm’s exception of no right of action. I would overrule the exception of no *379 right of action and address the merits of the issues raised on appeal.
An exception of no right of action tests whether the party seeking relief has a real and actual interest in the action. Hood v. Cotter, 08-0215 (La.12/2/08); 5 So.3d 819, 829. The function of the exception of no right of action is to determine whether the party belongs to the class of persons to whom the law grants the cause of action asserted. Id. An exception of no right of action assumes there is a valid cause of action for some person and questions whether the party asserting the cause of action is a member of the class that has a legal interest in the litigation. Id.
Under La. C.C.P. art. 1420, sanctions may be imposed when an attorney or party has signed a request for discovery in violation of the certifications listed in Subsection B.[1] In other words, sanctions may be awarded if the court determines that “the discovery is interposed for an improper purpose, such as harassment, or is ‘unduly burdensome.’ ” Fauria 2v. Dwyer, 02-2320 (La.App. 4 Cir. 9/24/03); 857 So.2d 1138, 1144. Subsection D provides that “upon motion of any party or upon its own motion” the court shall .impose sanctions upon the person who made the certification in violation of Subsection B. Subsection D further provides that appropriate sanctions for a violation may include “an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the request, response, or objection, including a reasonable attorney’s fee.”
The majority interprets “party” under Subsection D to mean that only a named party to the litigation can bring a motion for sanctions under La. C.C.P. art. 1420. As such, the majority concludes that OCCL, which is not a named litigant, has no right to bring a motion for sanctions for State Farm’s violation of Article 1420. I disagree. Considering the legislative intent of Article 1420, I believe the term “party” includes any party to the proceeding, including an aggrieved party who has been subpoenaed to provide information in the discovery phase of a lawsuit, even if that party is not a named party to the litigation.
“Legislation is the solemn expression of legislative will, and therefore, the interpretation of a law involves primarily the search for the legislature’s intent.” La. Municipal Association v. State, 04-0227 (La.1/19/05); 893 So.2d 809, 836, citing La. C.C. art. 2. A statute must be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the legislature had in enacting it. Id. at 837.
The paramount consideration for statutory interpretation is ascertainment of the legislative intent and the reason which prompted the legislature to enact the law. Touchard v. Williams, 617 So.2d 885, 888 (La.31993). The starting point in ascertaining the legislative intent of a law is the language of the statute itself. City of New Orleans v. La. Assessors’ Ret. & Relief Fund, 05-2548 (La.10/1/07); 986 So.2d 1, 17. “When a law is unambiguous and its application does not lead to absurd conse *380 quences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 9. However, where a statute is ambiguous or susceptible of two reasonable interpretations, statutory interpretation is necessary. Touchard, 617 So.2d at 887. Under La. C.C. art. 10, “[w]hen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.”
Assuming La. C.C.P. art. 1420(D) is susceptible of two reasonable interpretations (one that limits the term “party” to be a named litigant, as espoused by the majority, and one that interprets the term “party” to include any aggrieved party to the proceeding, or an unwilling participant in the litigation through the propounding of discovery by a named party), it must be interpreted as having the meaning that best conforms to the purpose of the law.
The purpose of sanctions is to deter and correct litigation abuse. Alombro v. Alfortish, 02-1081 (La.App. 5 Cir. 4/29/03); 845 So.2d 1162, 1170.[2] To hold, as the majority, that a party to whom discovery was propounded and who must incur their own legal expenses to quash allegedly improper discovery cannot seek sanctions against the party propounding the discovery thwarts the purpose of the article, i.e., the offending party can continue to propound improper discovery on a non-named litigant without |4fear of reprisal from the aggrieved party. Such an interpretation further ignores the remaining language of the Article. Article 1420(D) provides that sanctions may include “an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the request, response, or objection, including a reasonable attorney’s fee.” [Emphasis added.] The reference to “party or parties” here necessarily contemplates that the sanctions owed are payable to the aggrieved “party” incurring expenses as a result of the improper discovery, irrespective of whether that party is a named litigant.
In my opinion, once State Farm issued discovery to OCCL, OCCL became an unwilling participant in the litigation and a party to the proceedings. Although not a named litigant, OCCL could not ignore the discovery requests propounded by State Farm without potential legal consequences, i.e., OCCL could have been brought into court for a motion to compel related to the discovery requests and could even have been held in contempt of court for its failure to comply. These proceedings would have been conducted in the current litigation, even though OCCL was not a named party. Although not a named party, OCCL is undoubtedly the aggrieved party to which the allegedly harassing and unduly burdensome discovery was propounded. Therefore, I believe OCCL has a right of action to bring a motion for sanctions under La. C.C.P. art. 1420. I do not believe the legislature intended to protect State Farm, the propounding party, from a motion for sanction simply because the party to whom it propounded the allegedly improper discovery was not a named party. Accordingly, I do not believe the term “party” in La. C.C.P. art. 1420(D) is limited to a named litigant.
| ^Further, I believe the majority’s reliance on Voitier v. Guidry, 14-276 (La.App. *381 5 Cir. 12/16/14); 166 So.3d 262, 2014 La.App. LEXIS 2982, is misplaced. The facts in Voitier are clearly distinguishable from thé present case. In Voitier, the appellant was an attorney who represented the wife in a domestic matter. During her representation of the wife, the appellant filed a motion for sanctions under La. C.C.P. art. 863, seeking sanctions on her own behalf and on behalf of her client. Before a hearing on the motion for sanctions, appellant withdrew as counsel for the wife. Thereafter, new counsel enrolled for the wife and withdrew the motion for sanctions previously filed on the wife’s behalf by the appellant. A hearing was subsequently held on the appellant’s motion for sanctions on her own behalf. At the time of the hearing, the appellant was no longer involved in the case in any capacity. This Court found that the appellant did not have an individual right of action for sanctions, noting that she was not a “party” to the matter as required by La. C.C.P. art. 863.
Article 863 is derived from Rule 11 of the Federal Rules. Sanchez v. Liberty Lloyds, 95-0956 (La.App. 1 Cir. 4/4/96); 672 So.2d 268, 271, writ denied, 96-1123 (La.6/7/96); 674 So.2d 972. Because there is limited jurisprudence interpreting and applying Article 863, the federal jurisprudence applying Rule 11 offer guidance. Id. The federal jurisprudence makes it clear that an attorney for a party in a case cannot bring a motion for Rule 11 sanctions on his or her own behalf, as opposed to on behalf of his or her client-party. Westlake North Property Owners Assoc. v. City of Thousand Oaks, 915 F.2d 1301, 1307 (9th Cir.1990). However, the federal jurisprudence also makes it clear that parties to an action and “certain other participants” have the right to move for sanctions under Rule 11. Sean Michael Edwards Design, Inc. v. Pyramid Designs, *2-3, 1999_6U.S. Dist. LEXIS 17442, 1999 WL 1018072, *1 (S.D.N.Y.1999); Westmore-land v. CBS, 770 F.2d 1168 (D.C.Cir.1985) (Court allowed a non-party deponent to bring a Rule 11 motion against an attorney who improperly attempted to have the court find the deponent in contempt). Considering the federal jurisprudence, our ruling in Voitier properly determined that the appellant, who was neither a named party to nor participant in the litigation, had no right of action for Article 863 sanctions.
Contrary to Voitier, the party seeking sanctions in this case is clearly a participant in the litigation despite not being a named party to the litigation. Additionally, this Court has previously upheld the imposition of sanctions based on the motion of a party-participant who is not a named litigant. See Sternberg v. Sternberg, 97-101 (La.App. 5 Cir. 5/28/97); 695 So.2d 1068, writ denied, 97-1737 (La.10/13/97); 703 So.2d 618.
For these reasons, I believe OCCL has a right to bring a motion for sanctions under La. C.C.P. art. 1420. Accordingly, I would overrule State Farm’s exception of no right of action and address the merits of the issues raised on appeal.

. Subsection B provides that the signature of an attorney or party on a discovery matter certifies that the discovery request or response is:
(1)Consistent with all the rules of discovery and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
(2) Not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation; and
(3) Not unreasonable, unduly burdensome, or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issue at stake in the litigation.

. This case discusses sanctions under La. C.C.P. art. 863, which applies to a violation of the certifications of pleadings by an attorney or party. Because a discovery document is not a pleading, sanctions for a violation of the certifications are authorized under La. C.C.P. art. 1420 and not La. C.C.P. art. 863. See Red Stick Studio Dev., L.L.C. v. State ex rel. Dep't Econ. Dev., 09-1349 (La.App. 1 Cir. 4/8/10); 37 So.3d 1029, 1035-36. The language in La. C.C.P. arts. 863 and 1420 is virtually identical.